WILL STROTHER *v.* THE STATE OF MISSISSIPPI.

1. CARRYING CONCEALED WEAPONS. *Bodily harm.  Code* 1892, § 1027.

Apprehension of bodily harm is not a defense, under code 1892, § 1027, to a charge of carrying concealed weapons. It is the apprehension of a serious attack which the statute make a defense, and this is the equivalent of "great bodily harm."

2. SAME. *Apprehension.*

The statute never designed to authorize men to carry concealed deadly weapons on a mere apprehension of some bodily harm; the apprehension must be of serious, or great, bodily harm.

3. SAME. *Actual apprehension.*

In order to make out a defense, the accused must not only have reason to do so, but must actually apprehend a serious attack from an enemy.

4. SAME. *Burden of proof.  Reasonable doubt.  Code* 1892, § 1027.

While the statute places the burden of proof of such defense upon the accused, yet so long as there is a reasonable doubt of guilt, or a probability of his innocence, the state has not satisfactorily made out its case.

FROM the circuit court of Lafayette county.

HON. EUGENE JOHNSON, Judge.

Will Strother was indicted for carrying a deadly weapon concealed. There was testimony tending to show that he was threatened and had good and sufficient reason to apprehend a serious attack from an enemy, and that he did so apprehend, etc. Defendant requested the court below to give the following instructions, being the ones numbered two and three, mentioned in the opinion of the court:

"2. The court instructs the jury that if they believe from the evidence in this case that the defendant, Will Strother, had reasonable grounds to apprehend danger of ∧ bodily harm from

Abe Thompson at or before the time at which he is charged with carrying the pistol concealed, then he had a right to carry it for his own protection, and the jury will find him not guilty.

"3. That if the jury believe from the evidence that after the barn of Abe Thompson was burned, and before the date at which the defendant is charged with carrying a concealed pistol, Abe and he were unfriendly, and Abe threatened to kill defendant if he crossed his path or came on the Martin farm, and if they further believe that these threats were communicated to the defendant, ∧ then they will find him not guilty."

The court below modified the second instruction by inserting the word "great" before the words bodily harm, and modified the third instruction by inserting the words, "and he apprehended danger from Abe, and on that account carried the pistol," before the words, "then they will find him not guilty," as indicated by the carets above.

The fourth and fifth instructions, asked by defendant, referred to in the opinion, were as follows:

"4. The burden of proof in this case is on the state to prove to the satisfaction of the jury, beyond all reasonable doubt, that the defendant is guilty as charged in the indictment, and unless you are satisfied of his guilt beyond a reasonable doubt you will find him not guilty."

"5. Where there is a probability of the innocence of the defendant there is a reasonable doubt of his guilt, and you should then find him not guilty."

*John W. T. Falkner*, for appellant.

The statute, § 1027, code 1892, requires nothing more than that the defendant shall, by his proof, raise in the minds of the jury a reasonable doubt of his guilt. He is not required to prove his innocence to the entire satisfaction of the triers. The statute simply places the defense in the category of affirmative defenses, and places it upon the same basis, for instance, as the proof of an alibi. In *Pollard* v. *State*, 53 Miss., 410,

Chalmers, C. J., delivering the opinion of the court, treating of an alibi—an affirmative defense—announces the rule which should be and is applicable to the case at bar. He says: "There is but one question—there can be but one question in a criminal prosecution—'Has the guilt of the defendant been established beyond a reasonable doubt?' This is the *experimentum crucis* by which every juror must test the correctness of his verdict."

*Wiley N. Nash*, attorney-general, for the state.
The reporter finds no brief for the state on file.

WOODS, C. J., delivered the opinion of the court.

The modifications by the court below of the second and third instructions asked by the defendant were not erroneous. The statute, § 1027, authorizes one indicted for carrying concealed a deadly weapon to prove, by way of defense, that he "was threatened and had good and sufficient reason to apprehend a serious attack from an enemy, and that he did so apprehend," etc., and both modifications were necessary to conform the instructions to the letter and spirit of the statute. An apprehension of "a serious attack" is the language of the statute. The charge as asked made an apprehension of "danger of bodily harm" the equivalent of the statutory requirement, and this was palpably wrong. The court, by its modification in inserting the word "great" before the words "bodily harm," in the charge, cured its vice. An apprehension of a "serious attack from an enemy" and an apprehension of "great bodily harm," are synonymous phrases. It was never the design of the statute to authorize men to carry concealed deadly weapons on a mere apprehension of some bodily harm. It is serious bodily harm, great bodily harm, that the threatened man may guard himself against by carrying concealed a deadly weapon.

The statute, by its very terms, makes the threatened man not only have good and sufficient reason to apprehend a serious attack from his enemy, but also requires him to actually apprehend such attack. .

The fourth and fifth instructions should have been given. While the burden of proving the defense made is devolved by law upon the defendant, yet it remains true that so long as there is a reasonable doubt of the defendant's guilt, or a probability of his innocence, the state has not satisfactorily made out its case.

*Reversed and remanded.*