OWEN HALEY *v.* STATE.

[63 South. 670.]

1. CRIMINAL LAW. *Concealed weapons. Instructions. Evidence.*
   Where defendant was charged with carrying concealed weapons
   ten or twelve miles from his home and in another county an
   instruction for the state that, if accused carried a pistol con-.
   cealed on his person, the jury should find him guilty, unless it
   finds that accused had been threatened and had good reason to
   apprehend a serious attack from W. and that he did then and
   there so apprehend an attack from W. was erroneous as too re-
   strictive of the rights of defendant.

2. CRIMINAL LAW. *Instructions. Weight of evidence.*
   In a prosecution for carrying concealed weapons an instruction
   for the state that, the burden was on the defendant of proving
   that he had been threatened and had good and sufficient reason

to apprehend a serious attack from an enemy, is erroneous as all the defendant had to do was to raise a reasonable doubt of his guilt.

Appeal from the circuit court of Madison county.

Hon. W. A. Henry, Judge.

Owen Haley was convicted of carrying concealed weapons and appeals.

The facts are fully stated in the opinion of the court.

*Powell & Thompson,* for appellant.

The first question that meets us on the very threshold of this case is this: Did the lower court have the right, without our consent, to consolidate two separate indictments, each for a different offense, and try them on one trial with the same evidence and with the same instructions for both and before the same jury at the same time. Our contention is that the court did not have this right. In the first place we find no statute authorizing such a proceeding. In the next place we say that it was highly prejudicial to the defendant to have thus commingled the two cases in the one trial. It deprived the defendant of a portion of his peremptory challenge under the statute. It allowed offenses to be brought out in one trial which would not have been permitted to have been introduced had the other case alone been on trial and it damned him with whatever was prejudicial to him in both cases. In this case for instance under the charge of being drunk and disorderly in a public place, although he was acquitted of the charge, the testimony was still before the jury that he was drunk and making threats, which would not have been permitted had not this charge been combined with the charge of carrying concealed weapons.

In the next place the instructions were so mixed that the average juror could not tell to which particular charge a particular instruction applied; for instance the first instruction given for the state told the jury that if the defendant was drunk in the presence of two or more per-

sons then it was their sworn duty to find the defendant guilty as charged in the indictment. Now as there were two indictments the average juror would not know which indictment was meant to be covered by this charge.

We have been unable to find but one case directly covering this proposition of joining two separate indictments in the same trial and it was condemned in that case; see *Commonwealth* v. *Bickum,* 153 Mass. 386.

We recognize, of course, that the time of the court is valuable and that its speedy administration of justice is desirable, but we also recognize the further fact that over and beyond these considerations it is the paramount duty of the court to give even the humblest defendant a fair and impartial trial. If two separate and distinct indictments can be tried at the same time, why not three or four, or a dozen, and if one defendant can be tried under two separate indictments against him at the same time, why, in the interest of the economy of time, not try cases in which several parties are charged under several indictments of different offenses at the same time, or why not try the whole criminal docket at one fell swoop.

There is no doubt in this case but what indictment number 6534 and 6535 were tried in this case at the same time and by the same jury, and this is certified to in the record on page 54 by the clerk of the court.

Our next contention is that the evidence in this case is without dispute in favor of the defendant. The defendant testified that he had been told that he had been threatened by one Frank Wheeler about two or three weeks befor this carrying of concealed weapons and that he had apprehended that he would receive a serious attack from one Frank Wheeler; and two other witnesses testified that they heard Frank Wheeler make the threats and that they communicated them to the defendant before the time of the commission of this offense; and there is not a line of testimony, or a circumstance, by anybody to the contrary.

Now, while the court, as we understand, accepts the verdict of the jury ordinarily as conclusive on matters of fact, still where there is absolutely no testimony to contradict the testimony of defendant and his witnesses and they make out a perfect defense, the court should not hesitate to reverse for that reason.

The third ground upon which we claim that this case should be reversed is the granting of the second instruction for the state which is as follows: "Number 2. The court instructs the jury for the state that if you believe from the evidence in this case beyond all reasonable doubt that the defendant carried concealed on his person a concealed pistol as alleged in the indictment, then your sworn duty is to find the defendant guilty as charged."

"Unless you further believe from the evidence that the defendant had been threatened and had good and sufficient reason to apprehend a serious attack from Frank Wheeler and that he did then and there so apprehend an attack from Frank Wheeler."

Now our contention is that when the court, by this instruction told the jury that before they could acquit the defendant they must believe that the defendant at the time he carried the concealed weapon, for which he was indicted, did then and there apprehend an attack from Frank Wheeler, it was reversible error.

The court will readily see how prejudicial this was to the defendant. The testimony was undisputed that defendant had left his home in Leake county and had gone some twelve or thirteen miles to a supper and that consequently for the time being, that is while at the supper, and while he was carrying the weapon, being so far away from Frank Wheeler's residence, that he should not then and there have apprehended an attack and this circumstance was wielded with telling effect by the district attorney.

This court in the recent case of *Harvey* v. *State*, recorded in 59 So. on page 841, says: "It is not neces-

sary in order that one who has been threatened with an attack may be justified in carrying a concealed weapon, that he should anticipate an attack at a particular time or a particular place. Nor is it necessary for one who has been threatened and in good faith anticipates an attack to disarm himself whenever he comes within the presence of a police officer or is temporarily so situated for the time being he is in no immediate danger of attack.''

And yet this instruction for the defendant says that unless at the time he is charged with carrying concealed weapons, to wit, at the supper at Millville, he then and there apprehended an attack, he is guilty as charged. In other words, that unless the jury believe that a man who was twelve or thirteen miles away from home in a crowd of his friends under such circumstances would believe that, with such surroundings, he would then and there be attacked, then he would be guilty as charged. Under the decision just quoted this was not the law and of course was highly prejudicial to the defendant. For all of which reasons we believe this case should be reversed and remanded.

*Frank Johnston,* assistant attorney-general, for the state.

It is objected now in this court that it was reversible error for the court to have tried the two indictments at the same time and before the same jury. The answer that I make to this proposition is, that it ought to have been made in the court below, if there was anything in the objection; and that it was made for the first time by the assignment of error in this court. An objection cannot be made for the first time in this court. It is entirely unnecessary to cite authorities in regard to this rule of appellate practice, that only exceptions to the action of the court below will be considered by this court on appeal. I therefore respectfully submit to the court, that this ob-

jection is not presented by the record for consideration on this appeal. If, however, this point was presented by the record in the case, I seriously question its soundness as a legal proposition. It is obvious in this case, that the disorderly conduct coupled with the display of the concealed weapon, and the carrying of the concealed weapon, are involved in the same transaction, and depend substantially upon the same state of facts. It is precisely, therefore, in its nature and character the same as two counts in one indictment, involving the same transaction and depending upon the same state of facts.

In the case of *Commonwealth* v. *Bickman*, 153 Mass. 386, there were two indictments against the same defendant: One for maintaining a certain tenement which was used for the illegal sale of liquor, while the second indictment contained a charge of selling illegally at that tenement house. The Massachusetts court held that it was not proper for the trial court to have tried these indictments together, and held that this was reversible error, and reversed the case on this point. 153 Mass. 386. This is the only case that I have found that announces this rule of procedure.

Mr. Bishop says, "That where there are two indictments against the same defendant, charging the same or like offenses, connected in the same transaction, they may be consolidated, and the cases tried together the same as if they were two separate counts." 1 Bish. Crim. Procedure (4 Ed.), Sec. 1042, chapter 72. The learned author says in another place in his text that, "The universal rule in civil cases is, that the declaration depending upon the same transaction and facts of similar character may be consolidated and tried together at the same time." Mr. Bishop says that he is not aware, "that any of our old books disclose any rejection of this doctrine as applied to criminal cases." The author (1 Bishop's Crim. Procedure, pars. 1 and 2, sec. 421) announces in his text that the rule of law is, "That similar offenses may be con-

solidated in one indictment by the grand jury, or different indictments for similar offenses may be consolidated for trial together by the trial court." Mr. Bishop also says that the *Bickum case,* 153 Miss. 386 is not according to authority.

Precisely the opposite doctrine and rule has been held by the North Carolina and Pennsylvania Courts. In the case of *State* v. *Watts,* 82 N. C. 656, there were two indictments for two offenses of a similar character and relating to the same transaction. The court held expressly, that these two cases might be considered and tried as if there was one indictment with two counts, and that they could be tried together. The court cited the case of *State* v. *Johnson,* 5 Jones N. C. 221. The same rule was announced and followed in the case of *State* v. *Brown,* 95 N. C. 685. In the case of *State* v. *Johnson,* cited *supra* three indictments were tried together depending upon different phases of the same transaction.

The same court held in the case of *State* v. *Mary McNeil,* 93 N. C. 552, where there were four indictments depending upon the same state of facts, and were tried together, it was held that the indictments were to be treated as if they were four counts in one indictment. The trial court tried the four indictments together, at the same time that this was a correct mode of procedure.

The Pennsylvania Court held in *Withers* v. *Commonwealth* (Pa.), 5 S. & R. 59, a case where there were two indictments for conspiracy and where the trial court tried both indictments at the same time before the same jury, that this was a correct mode of crimnial procedure.

Justice GIBSON, in delivering the opinion of the court, made an analogy between separate counts and separate indictments for similar offenses, growing out of the same transaction, and he said: "that in the case of separate indictments they were to be treated as the court would treat one indictment, containing separate counts growing out of the same transaction." He held that these

several indictments could be tried together in precisely the same manner in which an indictment containing several counts could be tried before a jury. The argument was made in this case that if several indictments could be tried together, that such a procedure would defeat defendant's right of challenge of jurors, and the reply of Justice GIBSON, speaking for the court, was that it was untenable and unsound that the trial court could readily allow the proper number of challenges to the defendant for each indictment. *Withers* v. *Commonwealth* (Pa.), 5 S. & R. 59.

These are the only cases that I have been able to find bearing directly on this question. This question is *res nova* in this honorable court according to my investigation of the subject.

It is objected that the jury were not properly instructed by the court. The first instruction for the state can be excluded entirely from the consideration of the court, as that instruction involves the charge of drunk and disorderly conduct. The third instruction for the state is correct in stating that the burden of proof rested on the defendant to show a good and sufficient reason to apprehend a serious attack from his enemy. The second instruction for the state, that is complained of, I respectfully submit to the court is correct. In that instruction the jury was told that before they could acquit the defendant they must believe that at the time the defendant carried the concealed weapon, that he did then and there apprehend an attack from Frank Wheeler. The instruction does not mean that he apprehended an attack then and there from Frank Wheeler, because there is no evidence to show that Frank Wheeler was in the neighborhood, but it means that at that time he must have been under the impression that he was in danger from this enemy. I do not think there is any difficulty in getting at the meaning of the instruction. It means simply that at the time when he displayed this pistol and was carrying it as a

concealed weapon, that he was in a state of mind of apprehension from his enemy.

The learned counsel makes a mistake in the application of the case of *Harvey* v. *State*, 59 So. 480 and 481. That case was correctly decided. The court held that it was not necessary that the defendant should anticipate an attack at a particular time or at a particular place. That is clearly correct, but it is equally true that the defendant must be in an apprehensive state of mind during the period in which he is carrying a concealed weapon, and that he must be under this apprehension at the time when he is charged with carrying and exhibiting concealed weapons. There were only two instructions asked for by the defendant and they were given as asked.

These points cover the objections which are made and the contentions that are presented in the brief of counsel for appellant. I therefore respectfully submit that the case should be affirmed.

COOK, J., delivered the opinion of the court.

Appellant was indicted in separate indictments; the one charging him with being drunk and disorderly in a public place, and the other with carrying concealed a pistol. These cases were consolidated and both tried at the same time. The jury returned a verdict acquitting appellant of the charge of being drunk and disorderly, and a verdict finding him guilty of the charge of carrying concealed a deadly weapon, whereupon the court sentenced appellant to confinement in the county jail for a term of sixty days and imposed a fine of one hundred dollars. From this judgment this appeal is prosecuted.

It is one of the contentions of appellant that it was error to try these indictments together. Mr. Bishop says: "That where there are two indictments against the defendant, charging the same or like offenses, connected in the same transaction, they may be consolidated, and the cases tried together the same as if they were two

separate counts.'' 1 Bishop, Crim. Procedure (4 Ed.), sec. 1042, ch. 72. Whether these two indictments charge ''the same or like offenses,'' we do not feel called upon to decide, nor do we decide that the procedure approved by Mr. Bishop is not entirely a proper one.

In its second instruction to the jury the trial court said: ''The court instructs the jury for the state that if you believe from the evidence in this case beyond all reasonable doubt that the defendant carried concealed on his person a pistol, as alleged in the indictment, then your sworn duty is to find the defendant guilty as charged, unless you further believe from the evidence that the defendant had been threatened and had good and sufficient reason to apprehend a serious attack from Frank Wheeler, and that he did then and there so apprehend an attack from Frank Wheeler.'' In many cases the instruction would be proper. The scene of the alleged crime is laid in Madison county, ten or twelve miles from the home of appellant, in Leake county, and the instruction in effect tells the jury that appellant should be convicted, unless he apprehended an attack from Frank Wheeler at the very place where he was carrying the weapon and at the particular time when he was in Madison county. This instruction was too restrictive of the rights of appellant and is condemned in a recent case wherein the facts are similar to the facts of the present case. *Harvey* v. *State,* 59 So. 841.

Instruction number 3 is also complained of and is in this language: ''The court instructs the jury for the state that in this case the burden is on the defendant of proving that the defendant had been threatened and had good and sufficient reason to apprehend a serious attack from an enemy, namely Frank Wheeler, and that he did so apprehend such an attack from Frank Wheeler.'' This instruction is a bit too strong. It is not incumbent upon the defendant to satisfy the jury that he had been threatened and had good and sufficient reason to apprehend a

serious attack.    The instruction as written amounts to that.

If the defendant in a criminal trial can raise a reasonable doubt of his guilt in the minds of the jury, he is entitled to an acquittal, and he is never required to prove himself innocent.

*Reversed and remanded.*

