## THOMAS *v.* CITY OF TUPELO.

(Division A.  Oct. 8, 1923.)

[97 South. 522.  No. 23552.]

1. WEAPONS. *Anticipation of attack at particular time or place not necessary.*

   Under Hemingway's Code, section 831, it is not necessary that one carrying concealed weapon should anticipate attack at particular time or place, if he has good reason to anticipate attack by enemy within reasonable time at some proximate place, and instruction requiring finding that defendant believed himself in danger of serious attack at time and place the pistol was carried was too narrow.

2. CRIMINAL LAW. *Erroneous instruction, which was the only one given for the state, held prejudicial.*

   Where instruction that, if jury believed beyond a reasonable doubt that defendant carried concealed pistol, they would find him guilty, unless they further believed that his life had been threatened, and he had reasonable ground to believe he was in danger of serious attack "at the time and place the pistol was carried," was the only instruction given for the state, it was substantially prejudicial.

3. WEAPONS. *Not necessary that pistol carried in anticipation of attack be loaded or usable.*

   If defendant, in carrying unloaded pistol, received by him through the mail, preparatory to loading and carrying it in defense of his person, would be in danger at some other time and place, and was doing all he reasonably could to prepare himself against attack, it was not necessary that the pistol be loaded and usable at the time.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Romie Thomas was convicted of violating an ordinance of the city of Tupelo, and he appeals. Reversed and remanded.

*Boggan, Leake & Boggan,* for appellant.

The testimony in this case shows that a negro by the name of Joe Blanch had made an unconditional threat to kill appellant, and that a short time thereafter appellant ordered a pistol and had gone to the post-office and obtained the pistol ordered, and was carrying it home in the original package when arrested.

The court erred in refusing to grant appellant a peremptory instruction as the uncontradicted proof showed that appellant carried the pistol in question because he had been threatened, and had good and sufficient reason to apprehend a serious attack from an enemy, and that he did apprehend such an attack.

Also the court erred in giving instruction No. 1, for the appellee for two reasons: First, because the charge says that it was necessary for appellant to believe that he was in danger of a serious attack at the time and place the pistol was carried; second, because it states that the burden is on the defendant to establish his defense. See *Harvey* v. *State,* 102 Miss. 544, 59 So. 841; *Haley* v. *State,* 106 Miss. 358, 63 So. 670. *Hurst* v. *State,* 101 Miss. 402, 58 So. 206 is not applicable.

*Mitchell & Clayton,* for appellee.

The charge given for the city states the law as it has been established by the rulings of this court, and the instructions given for the defendant gives the defendant the benefit of his defense. The jury was instructed that if they believed that the defendant was threatened— had good and sufficient reason to apprehend an attack, which he did so apprehend, that such facts were full and complete defense to the charge that had been preferred against the defendant. *Harvey* v. *State,* 102 Miss. 544, and *Haley* v. *State,* 106 Miss. 358, have no bearing. In those cases the court condemned instructions which limited the defense of the defendant, but this was done with reference to their peculiar facts not at all similar to the case at bar. This court said, in the case of *Hurst* v. *State,* 101

Miss. 402, that, "after all the question as to the good faith with which the party carried the weapon is the question for the jury." That question was properly submitted to the jury in the case at bar.

The threats intended by this statute to be a defense, must be unconditional threats and the pistol must be carried on account of the threats, and not for some other purpose. At the time this pistol was being carried, it was not loaded and it was not being carried on account of threats, but was being carried for altogether another purpose. *McGuirk* v. *State*, 64 Miss. 210.

*Boggan, Leake & Boggan,* for appellant in reply.

If appellant had a right to carry a pistol loaded, he should not be convicted for carrying this pistol in an orderly way to his home before loading it.

He certainly had a right to order, receive and carry home a pistol that it was necessary for him to buy for his protection, and do all other things necessary to properly arm himself for defense against the attacks of his adversary.

HOLDEN, J., delivered the opinion of the court.

Romie Thomas appeals from a conviction on a charge of carrying a concealed pistol, and sentence to pay a fine of one hundred dollars and serve thirty days in jail, under the ordinances of the city of Tupelo.

The case in short is this: Thomas had ordered and received a pistol through the mail. After he left the post office, going home, with a box in his hand containing the pistol, he met a policeman, who asked him what he had in the box, and appellant stated it was a pistol. The box containing the pistol, upon the request of the policeman, was handed to the officer. Appellant was arrested, and charged with carrying a concealed weapon.

Upon the trial in the circuit court the appellant de-

fended against the charge on the ground that his life was threatened, and he had good reason to apprehend a serious attack from an emeny, under section 831, Hemingway's Code. He introduced testimony supporting this defense, and this issue was submitted to the jury, which returned a verdict of guilty as charged.

The appellant presents several points for reversal, but we shall notice only one, which will reverse the judgment of the lower court, and the other questions may not arise on a new trial. The court instructed the jury, for the city of Tupelo (the prosecution):

"That if they believe from the evidence beyond a reasonable doubt that the defendant carried concealed the pistol at the time and place charged in the affidavit, then they will find the defendant guilty as charged, unless they further believe from the evidence that the defendant's life had been threatened and that the defendant had reasonable ground to believe that he was in danger of a serious attack from an enemy at the time and place the pistol was carried which is an affirmative defense, and the burden is on the defendant to establish same."

This form of instruction in this character of case has been expressly condemned by this court, and since the error in granting it cannot be said to be harmless, it being the only instruction used by the state, we are convinced the appellant's case was substantially prejudiced thereby, and for that reason the judgment of the lower court will be reversed, and the case remanded. *Harvey* v. *State,* 102 Miss. 544, 59 So. 841; *Haley* v. *State,* 106 Miss. 358, 63 So. 670. In the cases cited it will be observed the court holds it is not necessary that one must anticipate the attack at a particular time or place. Nor is it necessary for one who has been threatened to disarm himself, when he is temporarily in no danger, yet has good reason to anticipate an attack from an enemy within a reasonable time at some proximate place.. Thus it will be seen the instruction given in this case is too narrow to afford the full defense given by the statute. A person who is lawfully

armed under the statute might not be able to determine just when or at what place he may be attacked by his enemy, and for that reason no particular time or place of an expected attack is required to be shown in order to justify the carrying of the weapon.

The counsel for the prosecution here contend that the cases cited above are not in point and the instruction given the state was not erroneous, for the reason that at the time the appellant was arrested, carrying the concealed weapon in a closed box, he could not have anticipated any danger then and there, because the pistol was not loaded and was in the sealed box, and therefore he did not expect to use it then in self-defense, consequently was not acting within the statute giving him the right to carry the concealed weapon.

But the answer to this contention is that the appellant was taking the pistol from the post office, preparatory to loading it and carrying it in defense of his person. It is reasonable to say he was then and there carrying the pistol with the expectation of loading it and using it to defend against his enemy at some time or place in the future. It was not necessary that the pistol be loaded and usable under these circumstances, because he may not have anticipated an attack at that particular time and place, but believed in good faith that he would be in danger at some other time and place, and he was exercising his right to bear the weapon in doing all he reasonably could to prepare himself against an attack. Therefore it will be seen the instruction given the state was very harmful to the appellant.

It is an unusual case in this: A citizen who undertakes to carry a pistol sealed in a box from the post office to his home is arrested and penalized in the sum of one hundred dollars, thirty days in jail, and all costs of court. The pistol, sealed and unloaded in the box, was a much less dangerous instrument, so far as the peace of the public was concerned, than if it had been loaded and unconcealed in the hands of the owner.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*