## JOHNSON *v.* STATE.*

(Division B. Nov. 10, 1924.)

[101 So. 685.   No. 24309.]

RAPE.   *Instruction that burden was on defendant, after chastity of prosecutrix attacked, to prove her unchaste held erroneous.*

In a prosecution for violation of the age of consent law (chapter 171, Laws of 1914 [Hemingway's Code, section 1093]), where the character of the female has been impeached by evidence as to prior chastity, it is error to instruct the jury that the burden as to previously chaste character is upon the defendant. All that is necessary under the statute is for the defendant to tender sufficient evidence to raise a reasonable doubt as to the previously chaste character, and then the burden as to the whole case is upon the prosecution.

*Headnote 1.   Rape, 33 Cyc, p. 1454.

APPEAL from circuit court of Pike county.

HON. E. J. SIMMONS, Judge.        .

Le Roy Johnson was convicted of statutory rape, and he appeals.   Reversed and remanded.

*J. A. Wiltshire,* for appellant.

There was reversible error in granting the three instructions for the state.   These instructions do not lay down the correct rule in this case.   Each instruction, and all of them together absolutely ignore the defense in the case and this is reversible error.   *Cumberland* v. *State,* 110 Miss. 521; *Barnes* v. *State,* 118 Miss. 621.

We understand the statute as going into court with the prosecutrix, presuming that she was of *prima-facie* chaste character; that is, until some evidence is introduced thereon, the law presumes her chaste until some affirmative proof is introduced to the contrary, and when we introduce the abundance of unimpeached direct evi-

dence of prior acts of intercourse, the state would have to meet the burden and prove her chaste beyond all reasonable doubt, and an instruction which does not announce this principle does not announce the law of Mississippi, because to go further than a *prima-facie* presumption would be to go beyond the law and would render the statute unconstitutional, taking away from defendant, charged with crime, his presumption of innocence. *Hollins* v. *State,* 128 Miss. 119, 90 So. 630.

As stated in *Haley* v. *State,* 106 Miss. 368: "It is not incumbent upon the defendant to satisfy the jury that he had been threatened and had good and sufficient reasons to apprehend a serious attack." The instruction as written amounts to that. If a defendant can raise a reasonable doubt in the minds of the jury, he is entitled to an acquittal, and he is never required to prove himself innocent. In *Murphy* v. *State,* 89 Miss. 827, 42 So. 877, this court held that "an instruction for the state announcing the direct contrary of the law to be the law is not cured by one for the defendant merely stating the law correctly.

Juries are prone to attach but little weight to negro evidence at best. This instruction leaves them where they could easily say, in the jury room: "This defendant admits having intercourse with the girl, and the judge has instructed us that the law presumes her to be of previous chaste character and the defendant must show that she was not (under the amended instruction for the defendant), by evidence that more than preponderates. We have some doubt as to whether, from all the evidence she was previously chaste, still since the boy admits the intercourse, and the judge instructs us that the law presumes her chaste, there is nothing to do but find the defendant guilty." This of course would be very prejudicial to the defendant, when the law imposes no such presumption where there is positive evidence *pro* and *con*.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

At the March term, 1924, of the Circuit Court of the Second District of Pike County, appellant was indicted upon the charge of violating the age of consent law. After having carefully read the record we are convinced that the state's case was amply and overwhelmingly made out. Section 1093, Hemingway's Code, defines the offense for the commission of which appellant was convicted.

Counsel for appellant in his brief raised only two questions: the first is as to the correctness of the three instructions granted on behalf of the state. The first two follow the statute closely, using practically its exact language. The third instruction granted for the state was drawn with Section 1094 particularly in mind. Further than to state to the court that these instructions track the statutes, we feel that no argument is necessary, but it will be especially noted that the jury was charged in the first two, that it was necessary for them to find as a fact, that the prosecutrix was of previously chaste character before they could convict. The third instruction applies the second statute above quoted and was written in the language thereof. Counsel argues inferentially the unconstitutionality of Section 1094 of Hemingway's Code. This court in the Hollins case, 128 Miss., 119, 90 So. 630, put this question at rest.

If the evidence in such cases raises a reasonable doubt as to the chastity of the female, the defendant is entitled to acquittal. This language appears in instruction No. 2, given for the defendant, and is shot through the other instructions given for him as well as those given for the state, so that if the court committed any error at all in modifying instruction No. 2 for the state, (if such was so modified) it was harmless error and the jury was properly instructed as to the burden of the defendant in overcoming the *prima-facie* status of chastity of the prosecutrix.

Appellant says that he showed by proof the unchastity of the prosecutrix and that it was not contradicted. We simply call the court's attention to the testimony of the prosecutrix who denied this most vigorously. The jury heard the evidence and decided this issue against the defendant. . . .

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Le Roy Johnson, was indicted and convicted of violating the age of consent law by having carnal knowledge of Mary Alice Martin, an unmarried female person of previously chaste character above the age of twelve years and under the age of eighteen years, said Johnson being a male person older than the said Mary Alice Martin, etc.

The testimony for the state showed that the mother of the girl, Mary Alice Martin, on the day of the alleged offense, left her daughter at the home of Le Roy Johnson, who was living with his parents, and that the mother of Le Roy Johnson and the mother of Mary Alice Martin went away together to a store. While they were gone, the witnesses for the state testified that the appellant took the said Mary Alice Martin into a side room of the house, and by force had carnal intercourse with her. A number of witnesses testified to this fact, and to be eyewitnesses to the occurrence in said room in which they say that Johnson accomplished his purpose; the defendant's witnesses, several in number, some of whom were present, and claimed that a girl and Johnson went into the side room and voluntarily had sexual intercourse, all testifying that several persons witnessed the performance. The defendant also introduced evidence of several witnesses who testified that the girl, Mary Alice Martin, had on several occasions previous to this occasion had sexual intercourse with other parties, and the defendant also testified that he himself on a previous occasion had had

such relations with the girl, Mary Alice Martin. The girl herself testified that she never, prior to that time, had such relations with any one. There was no other testimony for the state to show her character as to chastity prior to the offense here charged; the state's evidence on this point being entirely dependent upon the evidence of the prosecuting witnesses. In this state of the evidence, the court gave the state the following instruction:

"The court instructs the jury for the state that the law presumes that Mary Alice Martin was previously of chaste character, and the burden is upon the defendant, Le Roy Johnson, to show that she was not previously of chaste character."

The court refused the following instruction for the defendant:

"The court instructs the jury for the defendant that the offense charged is one easily fabricated under the law, and the law requires that the prosecutrix, Mary Alice Martin, be corroborated in all the material essentials named in foregoing instructions that go to make up the case charged in the indictment."

The court gave the defendant the following instruction, referred to in the one refused:

"The court instructs the jury for the defendant that, before you can convict him, you must believe to a moral certainty, and beyond every reasonable doubt: First, that the girl, Mary Alice Martin, prior to her act of intercourse with the defendant, the last of February, 1924, she was of chaste character; second, that the girl was at the time over twelve years of age and under eighteen years of age; third, that the defendant, Le Roy Johnson, was older than said Mary Alice Martin, and, if there is a reasonable doubt about it, either from the evidence or the circumstances in evidence or the lack of evidence, then a reasonable doubt of his guilt exists, and your verdict will be 'Not guilty.'"

The statute (section 1093, Hemingway's Code [Laws of 1914, chapter 171]) defining the offense says:

"Any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars ($500), or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment or by imprisonment in the penitentiary not exceeding five years; and such punishment, within said limitation, shall be fixed by the jury trying each case."

It is further provided in the act (section 1094, Hemingway's Code [Laws of 1914, chapter 171, section 2]).

"In the trial of all cases under section 1, of this act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated testimony of the injured female."

Under this statute, where nothing appears in the evidence to impeach the chastity of the female, it is not incumbent upon the state to prove the fact of her chastity, but wherever the defendant introduces proof directly impeaching her chastity, or where from all the evidence it may be presumed that the female was unchaste, then it devolves upon the state to prove the whole case beyond a reasonable doubt, including chastity. The statute merely relieves the state from making proof of chastity, where the evidence has not presented facts or testimony which, if true, would warrant the jury in believing the female previously unchaste, and it was error for the court to instruct the jury, under the evidence in this case, that the burden was upon the defendant to prove that she was unchaste.

We have a similar statute with reference to carrying concealed weapons, and certain defenses are permitted

under the statute to the defense of carrying concealed weapons, and by the language of the statute the burden is placed upon the defendant to make out or produce evidence to establish such defense. This court, however, held in *Haley* v. *State,* 106 Miss. 358, 663 So. 670, that, when the defendant introduces evidence to establish a defense, then the burden is on the state to establish the whole case, and that all that is necessary for the defendant to do is to produce evidence that would raise a reasonable doubt in the minds of the jury.

As the cause must be remanded for a new trial, it would be prudent for the state to travel on safe instructions, and, without deciding now whether the jury could believe the girl against the witnesses impeaching her chastity, it would be well to produce corroborative evidence along that line.

The judgment will be reversed, and the case remanded.

*Reversed and remanded.*