LEE *v.* STATE.*

(Division A.   April 13, 1925.)

[103 So. 793.   No. 24667.]

1. RAPE.   *Instruction, as to legal inability of female under eighteen
   to consent, erroneous in not stating, "Provided she was younger
   than defendant."*

   Instruction on prosecution under the age of consent statute, that
   a female under age of eighteen years cannot legally consent, *held*
   erroneous in not containing the statement, "Provided she was
   younger than the defendant."

2. RAPE.   *Instruction as to burden of proof as to previous chastity
   erroneous in view of letter written by female.*

   Instruction, on prosecution under age of consent statute, that the
   burden was on defendant to show that the female was not pre-
   viously of chaste character, *held* erroneous, in view of letter
   previously written by her to him, impeaching her chastity,
   especially in view of her failure to testify to chastity, and of her
   testimony as to the act.

3. CRIMINAL LAW.   *Error in instruction as to burden of proof as to
   previous chaste character held prejudicial.*

   Error in instruction, on prosecution under age of consent statute,
   as to burden of proof as to previous chaste character of female,
   *held* prejudicial.

*Headnotes 1.   Criminal Law, 17 C. J., Section 3702; Rape, 33 Cyc.,
p. 1511 (1926 Anno); 2. Rape, 33 Cyc., p. 1511.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

W. S. Lee, Jr., was convicted of statutory rape, and
he appeals.   Reversed and remanded.

*G. W. Hosey,* for appellant.

### I.

THE EVIDENCE OF THE PROSECUTRIX SHOWS THAT SHE WAS OF UNCHASTE CHARACTER BEFORE THE DATE OF AL-LEGED ACT OF SEXUAL INTERCOURSE WITH THE DEFEND-ANT RELIED UPON BY THE STATE. This girl admitted three different times to having had intercourse before Feb-ruary, 1923, and only changed her testimony after she realized by the shrewd leading question of the special counsel what answer was necessary.; and if she told the truth on cross-examination then she was not of pre-vious chaste character before the date relied upon by the state.

"Where, previous to act of intercourse relied on, the girl copulated with accused, she was not of chaste char-acter within Laws of 1914, chapter 171, and so accused was not guilty of the offense. *Rogers* v. *State,* 72 So. 198, 111 Miss. 781—(citing *State of Washington* v. *Adolf Docke,* 59 Wash. 238, 30 L. R. A. (N. S.) 173). ,

The entire testimony of the prosecutrix shows that she was not of previous chaste character, and at least, if not more, that a great doubt as to her previous char-acter was raised, and the state utterly failed to sustain the burden devolved upon it to prove the previous chaste character of the prosecutrix beyond a reasonable doubt.

"Under this statute, where nothing appears in the evidence to impeach the chastity of the female, it is not incumbent upon the state to prove the fact of her chas-tity, but wherever the defendant introduces proof direct-ly impeaching her chastity, or where from all the evi dence, it may be presumed that the female was unchaste, then it devolved upon the state to prove the whole case beyond a reasonable doubt—including chastity." *John-son* v. *State,* 101 So. 685. See also *Hollis* v. *State,* 90 So. 630.

## II.

THE EVIDENCE OF THE PROSECUTRIX IS WHOLLY UNCORROBORATED AS TO THE ACT OF INTERCOURSE. Actual intercourse is a main and principal thing to be corroborated for in that act the female is *quasi particeps criminis,* and same must be corroborated fully. *Hollis* v. *State,* 90 So. 630.

## III.

THE EVIDENCE CONCLUSIVELY SHOWS THAT THE DEFENDANT WAS YOUNGER THAN THE PROSECUTRIX. As the record stands the testimony of Mrs. E. G. Lee as to the defendant's age is not contradicted by a single witness, fact, or circumstance. Yet the fact that the prosecutrix is younger than the defendant is a material fact and an essential element of the crime, which must be proven by the state beyond a reasonable doubt and to a moral certainty. We say frankly that in our opinion the state offered no evidence as to the defendant's age whatsoever, and the defendant, as the record now stands, proved beyond a reasonable doubt that he was then and is now five months younger than the prosecutrix, and the statute is to protect unmarried females between ages of twelve and eighteen years, of chaste character from the opposite sex of years above hers. *State* v. *Bradford,* 89 So. 768.

## IV.

THE COURT ERRED IN GRANTING THE STATE INSTRUCTION NUMBER THREE. "The court instructs the jury that the law presumes the injured female was previously of chaste character, and the burden is on the defendant to show that she was not." We contend that the instruction is so drawn and so worded that it is unfair and unjust to any defendant, in that it may lead and does lead a jury composed of laymen to take the position that the injured female is of previously chaste character regardless of what the evidence might be, and that the burden is on the

defendant to prove beyond a reasonable doubt and to a moral certainty, if such a thing could be done under such an instruction that the female was not of previous chaste character. *Johnston* v. *State,* 101 So. 685.

## V.

The Evidence is Insufficient to Support the Verdict. The state used only two witnesses, the prosecutrix and her own mother. The two witnesses did not only contradict each other in many instances, but their own testimony is very conflicting in many instances. The testimony taken as a whole, gives us a story that is unbelievable and as being a thing which did not happen, in the course of human events under the circumstances as related by prosecutrix, and the jury must have had the same idea, for as the record shows, after many hours of deliberation, it returned a compromise verdict. *Holifield* v. *State,* 96 So. 306; *Davis* v. *State,* 96 So. 307; *Joslin* v. *State,* 91 So. 903; *State* v. *Bradford,* 89 So. 767.

*J. L. Byrd,* Assistant Attorney-General, for the state.

This is an appeal from a conviction in the circuit court of Jones county on the charge of statutory rape, under section 1093, Hemingway's Code. The appellant makes much of the fact that on cross-examination of prosecuting witness she stated that in 1922 there had been other acts between her and the appellant but on redirect examination she cleared this up, and we think the variance is immaterial in view of her explanation of it. The rec- also shows that as a result of the illicit intercourse between the complaining witness and the appellant a child was born in February, 1924. The prosecuting witness was corroborated in many of the material particulars by her mother, Mrs. Mattie V. Caldwell.

There is no contention by counsel in the record anywhere that the prosecuting witness was not of previous chaste character. However, counsel for appellant makes

much of an obscene letter which was introduced as Exhibit "A" to the testimony of the prosecuting witness on cross-examination. However, with all deference to the gentleman, we submit that he has misconstrued the meaning of the clause "previous chaste character." Our court has held in *Howe* v. *State,* 20 So. 4, at page 6 that a previous chaste character cannot be broken down by showing indiscretions of speech and freedom of manner, but that to break it down there must be some proof going further than mere indiscretion of speech and freedom of manner.

We submit that evidence of the previous chaste character of the prosecuting witness was not needed in this case, because under the statute, it is presumed until the contrary is shown or until a reasonable doubt at least is generated and that was not done in this case.

McGOWEN, J., delivered the opinion of the court.

From a conviction of the statutory crime of rape, W. S. Lee, Jr., charged with that crime in and upon the person of Ethel May Caldwell, unmarried female of previous chaste character younger than himself, over twelve and under eighteen years, and sentenced to pay a fine of five hundred dollars and ninety days' imprisonment, which was the minimum sentence by law for this crime, prosecutes this appeal.

Owing to the nature of the case, only such facts will be detailed as are necessary to a decision thereof.

Ethel May Caldwell of Ellisville, Miss., swore that she lived with her mother, and at a time when she was sixteen years of age, and the defendant told her he was nineteen, in one of many automobile trips over the country at night, in that county, on the return trip home with another boy and girl present, they had sexual intercourse, in February, 1923; also that he courted her and made love to her. On February 25, 1924, she gave birth to a girl baby. Profert was made of the baby without ob-

jection at the time on the part of the defendant.   On
cross-examination she stated that she met the defendant
for the first time in August, 1922; that by October 1st
she had become engaged to him, and admitted that on
October 1, 1922, she wrote a letter to the defendant, the
original of which has been sent up to this court with the
record.   That letter contains fragments of alleged poetry
which is so suggestive, revolting, and obscene as to pre-
clude its being printed in this opinion.   In its sexual
daring, in apparently seeking adventure in sensual en-
counter, to be written by a girl sixteen years of age, it
amazingly shows a state of mind hardly believable in
this day of religion and education—and the letter shows
education so far as penmanship, spelling, and that char-
acter of knowledge goes.   But the dare to this young
man, written within sixty days after she first met him,
rivals Byron's sensual description in Don Juan or Shake-
speare's scenes in Venus and Adonis, and parallels Kip-
ling's description of Aggie at Ogli.   The court has re-
sorted to this method of hinting the character of the
letter because the letter is important as related to the
trial of the cause.

If the mother of the girl told the truth and the mother
of the boy told the truth as to the respective ages of
each parent's own child, the girl was some months older
than the boy.   Mrs. Caldwell swore positively that the
mother of the boy invited her to the boy's nineteenth
birthday dinner which occurred in February, 1922, as
well as invited the injured daughter and other friends.
The daughter swore that this conversation or invitation
to the birthday dinner occurred, but said it could not
have happened in February, 1922, but was subsequent
to her meeting with the boy the first time in August, 1922.
This is quoted to show that the cause is very close on the
facts.   The only competent testimony that the boy was
older than the girl is the girl's statement that he told
her that he was nineteen years of age.   And in view of
the letter, we are not surprised that he would represent

himself in any capacity or age which would be pleasing or acceptable to her.

Another noticeable contradiction is that on cross-examination the girl swore that she had sexual intercourse with the boy in front of her house before February, 1923. The word "before" was used in the cross-examination, and her answer was positive. Then on redirect examination by the district attorney, she swore that this act in front of her house was later than February, 1923, and on recross-examination she explained that counsel then using the word "prior," instead of the word "before," confused her and caused her to make the false statement, as she did not understand the meaning of the word "prior."

The prosecuting witness, Ethel May Caldwell, was not at any time asked whether or not she was of previous chaste character, and the state stood on the presumption of chastity. On behalf of the state, in view of the letter which we cannot copy, instruction No. 3 was given.

"The court instructs the jury that the law presumes that the injured female was previously of chaste character, and the burden is on the defendant to show that she was not."

Instruction No. 4 for the state is as follows: "The court further instructs the jury for the state that a female under the age of eighteen years cannot legally consent to her own defilement."

We think instruction No. 4 was erroneous, in that it did not contain the statement, "Provided she was younger than the defendant." But we would not reverse this case on that ground because, perhaps, it may be cured. But the instruction is erroneous, and we call attention to it for the reason that there must be another trial.

Instruction No. 3 was erroneous because the girl had admitted writing the letter which the court has undertaken to outline in a decent way. With this letter in the record the presumption of chastity of the injured female was impeached and the burden of proof upon the

question of her chastity was no longer on the defendant in this case. This case is ruled by the case of *Johnson* v. *State* (Miss.) 101 So. 685, in which Judge ETHRIDGE, speaking for the court, said, after quoting the statute under which this indictment is authorized: "Under this statute, where nothing appears in the evidence to impeach the chastity of the female, it is not incumbent upon the state to prove the fact of her chastity, but wherever the defendant introduces proof directly impeach her chastity, or where from all the evidence it may be presumed that the female was unchaste, then it devolves upon the state to prove the whole case beyond a reasonable doubt, including chastity. The statute merely relieves the state from making proof of chastity, where the evidence has not presented facts or testimony which, if true, would warrant the jury in believing the female previously unchaste, and it was error for the court to instruct the jury, under the evidence in this case, that the burden was upon the defendant to prove that she was unchaste."

The letter most positively impeached her chastity, especially in view of the fact that no word or declaration of chastity falls from her lips in this record which is contradictory, and in which she testified that the act complained of "was by mutual consent," "without force," and "mutually satisfactory."

We are not unmindful of the case of *Powell* v. *State* (Miss.), 20 So. 4, where Judge WOODS held that it was not error to instruct the jury, in a prosecution of this kind, that "it was sufficient to show that her reputation had been that of a chaste girl, and we do not believe that this case, depicted in such forcible language by Judge WOODS, wherein he says, "She may shock with the indiscretion of her speech and yet have never had a thought of parting with virtue; and, until she does part with her virtue, she is regarded by the law as of chaste character," intends to hold that the woman may not be impeached by proof of her own words and deeds or circumstantially.

In the case at bar we grant the statement, *supra,* to be correct, but unchastity may be shown by circumstances which would be more convincing than the statement of any witness as to the general reputation of a female in the community in which she lived, or where there is a statement of a witness that he had participated with her in the destruction of her chastity. We think it was prejudicial error to have given the instruction that the burden of proof was upon the defendant, as to the chastity of the prosecutrix in this case.

*Reversed and remanded.*