## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-KA-00612-SCT

*CLONELLE SHIELDS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/97 |
| TRIAL JUDGE: | HON. ROBERT LOUIS GOZA, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RICHARD FLOOD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | JOHN KITCHENS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AS TO AGGRAVATED ASSAULT; REMANDED FOR RESENTENCING ON SIMPLE ASSAULT - 10/15/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/5/98 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

## INTRODUCTION

¶1. Clonelle Shields, "a.k.a. Stank", was indicted and found guilty of aggravated assault. The evidence demonstrated only simple assault; but, Shields was not indicted for simple assault, nor was the jury instructed on simple assault. The State concedes that the trial judge erred and argues that the case should be remanded for a trial on the simple assault charge. Shields contends that the proper remedy is dismissal of the State's charges against Shields. Shields raises the following issues on appeal.

**I. THAT THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR A DIRECTED [SIC] AT THE CLOSE OF THE STATE'S CASE-IN-CHIEF.**

**II. THAT THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION FOR A DIRECTED [SIC] AFTER THE DEFENDANT RESTED HIS DEFENSE.**

**III. THAT THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S REQUESTED JURY INSTRUCTION D-1.**

**FACTS**

¶2. On May 26, 1995, Elaine Brown ("Brown") and her brother returned to her apartment in the Canal Street apartments in Canton, Mississippi. Brown's brother parked in front of her door and, as they were exiting the car, an altercation developed between Brown's brother and a person identified as "the Rivers boy." The "Rivers boy" apparently had a gun, which he passed to Shields, who sat down on the back of Brown's car. Brown told Shields and "the Rivers boy" to leave and get off her car, at which point Shields removed the weapon from his pocket and threatened to kill Ms. Brown. Ms. Brown went in to her apartment and called the police. Shields was arrested.

**DISCUSSION**

¶3. All three issues raised by Shields on appeal turn on the sufficiency of the evidence to prove the indicted charge of aggravated assault. The State wisely concedes that there was insufficient evidence to carry the aggravated assault charged in the indictment.

¶4. There is simply no evidence rising to the level of attempt under ***Brown v. State***, 633 So.2d 1042 (Miss. 1994). Here, the evidence demonstrates that, while Shields threatened Brown, he made no attempt to cause her harm. Thus the State and the Appellant are correct that insufficient evidence exists to sustain a verdict of guilt upon aggravated assault.

¶5. The question remains, however, as to the proper remedy. Shields contends, without citation to authority, that since the State choose to exclusively pursue the aggravated assault charge through the indictment and through its objection to instruction D-1, that he should be released.

¶6. Alternatively, the State contends that this Court may not effect such a release under the authority of ***Craddock v. State***, 204 Miss. 606, 37 So.2d 778 (1948). The State does not specify whether it is asking for a retrial on the merits, or simply a remand for sentencing, but only asks that this Court "remand the case to the Circuit Court for proceedings on the charge of simple assault."

¶7. In a series of cases, this Court has stated that when the jury convicts of a greater offense, which is invalidated on appeal for want of sufficiency of the evidence, no new trial is required and the defendant may be remanded for sentencing upon the lesser included offense where the proof establishes proof of the lesser offense. ***Yates v. State***, 685 So.2d 715 (Miss. 1996); ***Alford v. State***, 656 So.2d 1186 (Miss. 1995); ***Bogard v. State***, 624 So.2d 1313, 1320 (Miss. 1993); ***Dedeaux v. State***, 630 So.2d 30, 33 (Miss. 1993); ***Clemons v. State***, 473 So.2d 943 (Miss. 1985); ***Biles v. State***, 338 So.2d 1004, 1005 (Miss. 1976); ***Anderson v. State***, 290 So.2d 628, 628-29 (Miss. 1974); ***Wells v. State***, 305 So.2d 333, 337-38 (Miss. 1974). The logical underpinnings for this rule, which will be termed hereinafter the "direct remand rule" for want of a better tag, have long been grounded on the fact that guilt of a true lesser included offense is implicitly found in the jury's verdict of guilt on the

greater offense. ***Washington v. State***, 222 Miss.782, 787, 77 So.2d 260, 263 (1955); ***Anderson***, 290 So. 2d at 628-29.

¶8. The direct remand rule has also been followed in numerous other state and federal courts, with varying rationales, either statutory, rule based or inherent power. *See **State v. Cummings***, No. 199226, 1998 WL 151244, at \*11 (Mich. Ct. App. March 31, 1998)("Where a trial court improperly fails to include an instruction on a lesser included offense, the remedy is to remand for entry of a conviction on the lesser included offense and for resentencing, or, if the prosecution desires, for retrial on the charge for which the defendant was convicted."))(; ***State v. Robinson***, 517 N.W.2d 336, 340 (Minn. 1994); ***State v. Arlt***, 833 P.2d 902, 909 (Haw. Ct. App. 1992)("Under the modern practice prevailing in most jurisdictions, the appellate courts have the power, in a proper case, to modify rather than reverse a judgment, where such action seems appropriate")(*quoting* 5 Am.Jur. 2d Appeal and Error §§ 937 and 938)); ***State v. Bay***, 567 So.2d 798, 799, 252 (La. Ct. App. 1990) ("However, when it is clear from the verdict that the trial judge or jury necessarily found the elements of a lesser and included offense had been proved beyond a reasonable doubt, and the state, constrained by the double jeopardy clause, cannot seek anew a conviction on the greater offense, a remand for a new trial would serve no useful purpose.")(*quoting **State v. Byrd***, 385 So.2d 248, 252 (La. 1980)); ***Davidson v. State***, 810 S.W.2d 327, 329 (Ark. 1991)("Under appropriate facts we will modify a conviction from the greater offense to the lesser included offense and either fix punishment ourselves or remand the case to the trial court for the assessment of punishment.")(*citing **Trotter v. State***, 719 S.W.2d 268 (Ark.1986)); ***State v. Edwards***, 513 A.2d 669,675 n.6 (Conn. 1986)("The jury's verdict on the second count necessarily determined that the state had proven all the elements of accessory to robbery in the third degree beyond a reasonable doubt upon which the trial court instructed the jury. Under the circumstances of this case, the reduction of the defendant's conviction on the second count to the lesser included offense cannot prejudice the defendant.")(citations omitted); ***State v. Eiseman***, 461 A.2d 369, 384 (R.I. 1983)("'[S]tate and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of judgment on a lesser-included offense.' This court has never availed itself of the opportunity to adopt this practice, but we shall implement it in this case.")(*quoting **Dickenson v. Israel***, 482 F.Supp. 1223, 1225 (E.D.Wis. 1980)); ***Searcy v. State***, 295 S.E.2d 227, 229 (Ga. Ct. App. 1982); ***State v. Boone***, 297 S.E.2d 585 (N.C. 1982) disapproved of on other grounds by ***State v. Richmond***, 495 S.E.2d 677 (N.C. 1998).

¶9. In addition to the many States which have applied the rule, many federal courts have recognized it as well. *See inter alia*, ***United States v. Hunt***, 129 F.3d 739, 745-46 (5th Cir. 1997); ***United States v. Dickinson***, 706 F.2d 88, 93 (2d Cir. 1983); ***United States v. Figueroa***, 666 F.2d 1375, 1377 (11th Cir. 1982).

¶10. Furthermore, any constitutional infirmity in the rule has apparently been resolved in *dicta* by the recent Supreme Court decision in ***Rutledge v. United States,*** 517 U.S. 292 (1996). In that case the Supreme Court tacitly acknowledged application of the direct remand rule in the lower federal court and stated:

> [F]ederal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. This Court has noted the use of such a practice

with approval.

*Rutledge*, 517 U.S. at 306 (citations omitted).

¶11. Thus, the power of this Court to modify and directly remand for sentencing on a lesser included offense is well established. The exact context in which that power should be exercised, however, is not as clear.

¶12. In particular, there is some question as to whether the jury must have been instructed upon the lesser offense before this Court should remand for sentencing.[(1)] This point was the subject of Justice McRae's dissent in *Yates* and Justice Banks' special concurrence. *Yates*, 685 So.2d at 722 (McRae, J., dissenting)(Banks, J., concurring). Other courts have had difficulty with this issue as well and have taken a variety of positions.

¶13. In *Rutledge*, the Supreme Court specifically recognized the test propounded by the D.C. Circuit in *Allison v. United States*, 409 F.2d 445 (D.C. Cir. 1969). The *Allison* test is as follows:

> It must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.

*Allison*, 409 F.2d at 451.

¶14. The Supreme Court did not draw a distinction between cases in which there has been instruction at the lower court level on the lesser offense, and in that case it is not clear whether there was specific instruction on the lesser offense. Several courts have, however, made such a distinction, most notably the Ninth Circuit which has formulated a test which explicitly requires that the instruction must have been before the jury before the direct remand rule applies. In *United States v. Dinkane* the Ninth Circuit stated:

> We may nonetheless direct the trial court to enter a judgment on a lesser offense if the evidence is insufficient to support a guilty verdict on the greater offense but sufficient on the lesser offense when "(1) the lesser offense [is] a lesser-included offense--a 'subset' of the greater one; (2) the jury [was] explicitly instructed that it could find the defendant guilty of the lesser-included offense and [was] properly instructed on the elements of that offense; and (3) the government [requested] on appeal that judgment be entered against the defendant on the lesser offense."

*United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir. 1994)(*quoting United States v. Vasquez-Chan*, 978 F.2d 546, 554 (9th Cir. 1992)); *See also People v. Pangelinan*, No. CR95-00139A, 1996 WL 875775, at *1-2 (D.Guam Oct. 1, 1996)(adopting the Ninth Circuit test).

¶15. Alabama and Wisconsin also require that the lesser included offense must have been before the jury, albeit on differing rationales -- discussed more fully below. *See Ex parte Roberts*, 662 So. 2d 229, 232 (Ala. 1995)("It is well established that if an appellate court holds the evidence insufficient to support a jury's guilty verdict on a greater offense, but finds the evidence sufficient to support a conviction on a lesser included offense, it may enter a judgment on that lesser included offense,

provided that the jury was charged on the lesser included offense.")(*citing Ex parte Edwards*, 452 So. 2d 508 (Ala. 1984)); *State v. Myers*, 461 N.W.2d 777, 778 (Wis. 1990)("We hold that the court of appeals may not direct the circuit court to enter a judgment of conviction of a lesser included offense when a jury verdict of guilty of the greater offense is reversed for insufficient evidence and the jury was not instructed on the lesser included offense.")

¶16. The contrary position was demonstrated by the Fifth Circuit in *United States v. Hunt. United States v. Hunt*, 129 F.3d 739 (5th Cir. 1997). In that case the Court adopted the *Allison* formulation, but also explicitly addressed the lack of instruction at the trial level. The Court held that although the fact that no instruction was before the jury was certainly relevant under prong 4 (prejudice) of *Allison,* it was not a separate requirement, nor was it a condition precedent to the application of the direct remand rule. *United States v. Hunt*, 129 F.3d at 746([W]e find that the lack of instruction on the lesser included offense was not unduly prejudicial to Hunt. . . .")

¶17. There was clearly no lesser included instruction on simple assault given in the current case, but there is ample evidence to support such a verdict. Today, this Court declines to follow the approach taken by Wisconsin, Alabama, and the Ninth Circuit. Instead, we adhere to our precedent and adopt the test as set forth in *Allison* and hold that the lesser included offense need not be before the jury in order to apply the direct remand rule.

¶18. As noted above, the evidence is simply insufficient to convict Shields of aggravated assault but it is sufficient to support the lesser included offense of simple assault. Shields did pull a gun out and threaten to kill Ms. Brown. Such action is clearly an attempt by physical menace to put another in fear of imminent serious bodily harm as required by the simple assault statute. *See* Miss. Code Ann. 97-3-7(1)(c) (1972). We do not find that any undue prejudice will result to Shields.

## CONCLUSION

¶19. In sum, the evidence in this case supports simple but not aggravated assault. Applying the direct remand rule, we reverse Shields' conviction as to aggravated assault and remand to the lower court for resentencing under the simple assault statute.

¶20. **REVERSED AS TO AGGRAVATED ASSAULT; REMANDED FOR RESENTENCING ON SIMPLE ASSAULT.**

**PITTMAN, P.J., ROBERTS, SMITH AND MILLS, JJ., CONCUR. SULLIVAN, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., AND BANKS AND McRAE, JJ. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**SULLIVAN, PRESIDING JUSTICE, DISSENTING:**

¶21. I disagree with the majority's adoption of the *Allison* rule, allowing this Court to direct a trial court to enter judgment on a lesser included offense without the jury having been instructed on the

lesser offense. I would adopt the position taken by Wisconsin, Alabama and the Ninth Circuit and hold that the direct remand rule only applies when the lesser included offense was before the jury at the trial level.

¶22. As noted by the Wisconsin Supreme Court in *State v. Myers*, there are substantial differences between situations in which the jury has been instructed on the lesser offense and those in which it has not been instructed, most notably, the difference between an appellate determination of "sufficiency" and a jury determination of "beyond a reasonable doubt":

> The state's argument ignores the crucial distinction between an appellate court finding evidence in the record sufficient to support a jury verdict and a jury finding the evidence sufficient to prove guilt beyond a reasonable doubt. Even though the record contains evidence sufficient for an appellate court to uphold a jury verdict of guilty of the lesser included felony of attempted aggravated battery, a properly instructed jury would not necessarily find the evidence persuasive of guilt of this crime beyond a reasonable doubt When the jury is not instructed on lesser included offenses and the conviction of the greater offense is reversed on grounds of insufficient evidence, the guilty verdict is, we conclude, not sufficiently reliable to be recast as a jury finding of guilty of the elements of a lesser included offense.

> Moreover we conclude that although the state's argument is made in terms of seeking a modification of the judgment, the state is in effect asking the appellate court to give it the benefit of jury instructions it failed to request at trial. The state is asking us to rescue it from a trial strategy that went awry.

*State v. Myers*, 461 N.W.2d 777, 782 (Wis. 1990)(citations omitted).

¶23. The direct remand rule should only be applied when the jury has been instructed upon the lesser offense, because only then can we be assured that the jury has actually logically found guilt on the lesser offense before finding guilt on the greater. In those cases, it can be said with some degree of certainty that a direct remand is but effecting the will of the fact finder within the limitations imposed by law; and, that the appellate court is simply passing on the "sufficiency" of the implied verdict. When, however, no instruction at all has been offered on the lesser offense, second guessing the jury becomes far more speculative.

¶24. There are practical reasons for implementing the bright line rule of the Ninth Circuit as well. Specifically, as noted by Justice Banks in his concurrence in *Yates v. State*, 685 So.2d 715 (Miss. 1996), direct remand and sentencing in the absence of any prior instruction encourages "knee-jerk" objections to proffered lesser included offense instructions, because the State may rest assured that, even in the event of erroneous omission of a lesser included offense instruction, this Court will affirm without the risk of a new trial on the merits. *Yates*, 685 So. 2d at 722 (Banks, J., concurring). An application of the Ninth Circuit rule, on the other hand, insures that the State will be careful when objecting to such instructions because it faces the possibility of a retrial should the withholding of the instruction prove error on appeal.

¶25. For these reasons, I respectfully dissent. I would reverse Shields's conviction for aggravated assault and four-year sentence, and remand this case to the Madison County Circuit Court for a new trial.

**PRATHER, C.J., BANKS AND McRAE, JJ., JOIN THIS OPINION.**

   **McRAE, JUSTICE, DISSENTING:**

¶26. Today, the majority creates a rule that should have never been discussed. There is no need in this case to consider lesser included offenses. The true issue at hand is one of burdens. The State failed to meet its burden of proof for the aggravated assault charge--it even admitted its failure. The case should be dismissed on the merits. There exists no issue regarding the lesser included offense of simple assault, despite the majority's incessant claim to the contrary. Hence, I dissent.

¶27. When contemplating "a motion for a directed verdict, this Court on review must consider the evidence introduced in the light most favorable to the State, accepting all evidence introduced by the State as true, together with all reasonable inferences therefrom." *Jones v. State*, 710 So. 2d 870, 876 (Miss. 1998) (*quoting Smith v. State*, 646 So.2d 538, 542 (Miss. 1994)). In this case, there is no evidence to support the indictment. Shields did not commit aggravated assault--a fact which the State admits.

¶28. Despite the short shrift given it by the majority, our legal milieu in the area of burdens is clear. The burden of proof "never shifts from the State to the defendant. The State is required to prove every material element of the indictment beyond reasonable doubt." *Sloan v. State*, 368 So.2d 228, 229 (Miss. 1979). Every "defendant is entitled to have the jury clearly instructed that the State has the burden of proving beyond a reasonable doubt each and every material element of the offense." *Beckwith v. State*, 707 So.2d 547, 592 (Miss. 1997). The defendant must be acquitted if a reasonable doubt arises from the evidence. *Heidel v. State*, 587 So. 2d 835, 843 (Miss. 1991). Should the State fail to prove all elements, "the defendant is entitled to an acquittal on the offense charged even if the elements proven constitute guilt of a lesser offense." *See Warren v. State*, 709 So. 2d 415, 420 (Miss. 1998). The defendant "is never required to prove himself innocent." *Haley v. State*, 106 Miss. 358, 368, 63 So. 670, 671 (1913). Yet, in this case, the defendant was denied a directed verdict and forced to prove himself innocent after the State refused to charge the lesser included offense of simple assault when its evidence failed to justify a conviction of aggravated assault.

¶29. In *Harris v. State*, No. 94-CT-00837-SCT (Miss. June 12, 1997) (Motion for Rehearing was denied on Sept. 24, 1998), the trial court granted defendant a directed verdict as to deliberate design murder, yet allowed the State to proceed on the unindicted charge of aggravated assault. The defendant was convicted of three counts of aggravated assault, but this Court reversed and rendered such an egregious conviction.

¶30. In *Harris*, the State's expert testified that the decedents were killed by a high-velocity weapon, yet the .357 magnum fired by the defendant in that case is not regarded as such a weapon. Upon completion of the State's case-in-chief, the defendant sought and received a directed verdict based on a lack of evidence that defendant killed the parties. However, the trial judge gave leave for the State to proceed on three unindicted counts of aggravated assault on the grounds they were lesser includeds in the deliberate design murder charge. The jury convicted the defendant on all three counts of aggravated assault. *See id.*

¶31. We decided that "[a] trial court determination of insufficiency leading to a directed verdict of acquittal on the charge in the indictment summarily concludes the State's case on that charge. If the State has made no other charges within the indictment, then the State is precluded from trying the defendant on a lesser included offense." *See id.* at ¶ 8. We further stated that "[t]he difference between a directed verdict and a jury verdict lies only in the source; the effect of acquittal is the same in either case." *See id.* at ¶ 11. Upon commencing a trial "on a multiple count indictment for one crime, a directed verdict of acquittal on that crime, such as deliberate design murder, prevents the trial from continuing on a lesser included offense, such as aggravated assault, when the lesser included offense was not specifically pleaded in the indictment." *See id.* at ¶ 11. We concluded that "[w]hen the trial judge allowed the State to proceed on a charge of aggravated assault, he committed reversible error." *See id.* at ¶ 13. Indeed, "a directed verdict on an indictment for murder is a bar to trying the defendant on aggravated assault, since he had not been indicted for the offense of aggravated assault." *See id.* at¶ 8.

¶32. *Harris* exemplifies that which is at the heart of the case at hand--a directed verdict is dispositive of a case. Directed verdicts are final. The impact of a directed verdict is synonymous to that of a jury verdict. Facially simplistic, the principle is that if a directed verdict is granted the defendant, upon the State's choosing to rest, there is nothing left to try. The burden of proving guilt beyond a reasonable doubt lies with the State. If the State fails to so prove, why should the defendant even have to bring a case? Why waste judicial resources? A directed verdict for the defendant is unequivocally dispositive as the defendant only needed to argue to rebut a case by the State. If the State's case is insufficient to prove guilt, the case is constructively over. Why continue?

¶33. There may be cases where the trial judge determines that the motion should not be granted prior to the defense's case. If warranted in such a case, the trial judge should be wise and grant the motion before the jury receives the case. There is no need to waste valuable time and resources by having the jury convene. Even more importantly, it is unjust to grant the State a second try when the State fails to prove its case.

¶34. In the case at bar, the State admits an incorrect indictment and conviction for aggravated assault under Miss. Code Ann. § 99-3-7(b), as well as its failure to indict on the charge of simple assault pursuant to Miss. Code Ann. § 99-3-7(a). Remedy requires a reversal of the trial court's denial of defendant's motion for directed verdict. The State failed to prove its case. As Harris should not have had to face trial on aggravated assault, so should Shields's trial have ceased after the State rested. There should be no consideration of simple assault. The State solely had a case of simple assault but did not seek such a conviction. Instead, the State shot for the moon and burned on the launch pad as it sought the greater offense of aggravated assault and admittedly failed. There is no case to try or re-sentence. The case was disposed of when the State failed to meet its burden. I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**

1. It should be noted that there is a distinct minority of courts which hold that the appellate court has no power to modify at all. *See, e.g., Commonwealth v. Bivins*, 740 S.W.2d 954, 956 (Ky. 1987);

***State v. Day***, 293 A.2d 331, 336 (Me. 1972). These cases are not addressed, however, in light of this Court's prior holdings and the absence of any federal constitutional bar to the direct remand rule.