## MONROE SUDDUTH *v.* THE STATE.

CONCEALED WEAPONS. *Threatened attack. Code* 1880, § 2985.

> One threatened with an attack, may, under § 2985, code 1880, lawfully carry a concealed weapon, although the attack be not threatened to be made at a particular time or on a particular occasion.

FROM the circuit court of Attala county.

HON. C. H. CAMPBELL, Judge.

Appellant has been convicted, under code 1880, § 2985, of carrying a concealed weapon. There was evidence tending to show that, shortly before the occasion when the weapon was being carried, persons had warned the accused that a neighbor had threatened to kill him "on sight," unless he denied making certain statements, which the accused, as a witness, admitted he had made.

The second instruction, as asked by the accused, announced the right to carry the concealed weapon, if the accused "had been threatened with violence, and had notice of such threats, and from them apprehended an attack." The court modified the instruction by adding after the word "attack," the words "at the time." This modification presents the single question passed on by the court.

*Dodd & Armistead,* for appellant.

The only reasonable construction of the second instruction, as modified, is, that one threatened with an attack may not carry a concealed weapon, unless he is threatened with an attack at a particular time. At least, the instruction is misleading.

It is only necessary to show that accused has been "threatened with an attack." *Tipler* v. *State,* 57 Miss., 685; *McGuirk* v. *State,* 64 *Ib.,* 209.

*T. M. Miller*, attorney-general, for the state.

The second instruction, by its modification, merely announces that accused must be under threats of violence at the time the weapon is carried. It cannot fairly be construed into requiring that there must be a threat of an attack to be made on a particular occasion. "At the time," conveys the idea of a recent and impending threat.

COOPER, J., delivered the opinion of the court.

The second instruction asked by the defendant was correct as prayed, and should have been given.

The modification by the court, by inserting the words "at the time," was calculated to mislead the jury, by permitting them to infer that one threatened with an attack may not lawfully carry a concealed weapon, unless he has reason to believe that, upon the particular occasion, or at the particular time, as distinguished from other occasions or times, he will be attacked.

One must be threatened with an attack to justify the carrying of a concealed weapon, but it is not necessary that he shall anticipate the attack at a particular time or on a certain occasion.

　　　　　　　　　　　　　　　　*The judgment is reversed.*