## V. HARVEY v. STATE.

[59 South. 841.]

1. CARRYING CONCEALED WEAPONS. *Evidence. Threats.*

   It is not necessary, in order that one who has been threatened
   with an attack may be justified in carrying a concealed weapon,
   that he shall anticipate the attack at a particular time or place.

2. SAME.

   Nor is it necessary for one who has been threatened and in good
   faith anticipates an attack to disarm himself, whenever he is
   temporarily so situated that for the time being he is in no
   immediate danger of an attack.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

V. Harvey was convicted of carrying concealed weap-
ons and appeals.

The facts are fully stated in the opinion of the court.

*A. M. Edwards,* for appellant.

It is shown by the testimony in this case that the de-
fendant and Oscar Sullivan, the man who threatened the

defendant with an attack, live in the same community, and that they both were visitors of Mendenhall. We think that where a person has been treatened with an attack, and so apprehends, that he has a right to carry a weapon concealed at any time or to any place.

"To justify a person in carrying concealed weapons, he must be threatened with an attack, but he need not anticipate that the attack will occur at a particular time, and go armed only at such time. *Suddith* v. *State,* 70 Miss. 250, 11 So. 680.

One of the instructions given for the state is as follows: "The court charges the jury for the state that even though you may believe from the eevidence that the defendant had been threatened and apprehended a serious attack by reason of such threats, yet if you further believe from the evidence beyond a reasonable doubt that the defendant unlawfully carried a deadly weapon at any place concealed at a time and place where he had no just cause or reason to apprehend any attack from the person who has made such threats, then you should find him guilty. Given."

The effect of this instruction was to say to the jury that although you may believe from the evidence that the defendant was justifiable under the law in carrying the pistol concealed; yet if they believe that he was in no danger of receiving an attack from Oscar Sullivan at the time and at the place he was seen with the pistol, they should nevertheless convict the defendant; yet the record is devoid absolutely of a semblance of proof that the defendant was safe from an attack from Oscar Sullivan at the particular time and on the occasion he carried the weapon concealed.

This instruction injected into the minds of the jury the unsupported suggestions that the defendant was in no danger of receiving an attack from Oscar Sullivan at the time he carried the weapon concealed. It presented to the jury a theory wholly unsupported by proof.

I submit that the court below committed error in granting this instruction.

*Claude Clayton,* assistant attorney-general, for the state.

This court, in a very recent case, decided April 22, 1912, reported in 58 So. 206, has held in these words, viz.:

"After all, the question as to the good faith with which the party carried the weapon is a question for the jury." *Hurst* v. *State,* 58 So. 206.

The jury in the case at bar evidently did not believe that appellant was acting in good faith in carrying a pistol, because they returned a verdict of guilty.

The language of the statute relied on by counsel for appellant as a defense precludes any idea that appellant could have been justified in carrying a concealed weapon into the jail with him, or even into the town of Mendenhall. His knowledge, too, that Oscar Sullivan rarely, if ever, visited Mendenhall, and his means of knowing of such an intended visit, if contemplated by Sullivan, place his action in carrying a concealed weapon, in the category of clear violations of the law.

Counsel assigns as error the granting of instruction No. 1, for the state, found on page 30 of the record, which is as follows:

"The court charges the jury for the state that even though you may believe from the evidence that the defendant had been threatened and apprehended a serious attack by reason of such threats, yet if you further believe from the evidence beyond a reasonable doubt that the defendant unlawfully carried a deadly weapon at any place concealed at a time and a place when he had no just cause or reason to apprehend any attack, from the person who had made such threats, then you should find him guilty."

Appellant's argument is not sound in this respect. The statute says expressly that he must have been threat-

ened, and have apprehended a serious attack from an enemy. The instruction simply states in so many words, that if he carried a concealed weapon to any place at any time where he had no good and sufficient reason to apprehend an attack, then it is the duty of the jury to convict him. This is almost the identical language of the statute, and certainly it is the obvious meaning of the instruction.

Counsel insists that this "injected into the minds of the jury the unsupported suggestions that the defendant was in no danger of receiving an attack from Oscar Sullivan at the time he carried the weapon concealed." I respectfully submit to this court that the instruction did nothing of the kind, but that it simply placed the question of the good faith of accused in carrying a concealed weapon in the hands of the jury for their careful consideration. I also submit that under *Hurst* v. *State,. supra,* this instruction was fully warranted, and that appellant's argument is wholly unsupported by the law,, and the facts contained in this record.

SMITH, J., delivered the opinion of the court.

Appellant was convicted in the court below for carrying a concealed weapon. The evidence for the state is that he had been granted permission by the sheriff of Simpson county to visit a prisoner confined in the jail at Mendenhall. While at the jail, before giving him access to the prisoner, the sheriff, following his usual custom, searched the defendant, and found on him a pistol concealed. Appellant's defense was that his life had been threatened by a man named Sullivan, and he apprehended from him a serious attack. He lived twenty or thirty miles from Mendenhall, in the neighborhood in which Sullivan, the man who had threatened his life,. also lived, and in coming to Mendenhall he had to pass: in about a mile of Sullivan's house, and he stated that he had seen Sullivan in Mendenhall on a former occasion.

The principal error complained of is the granting by the court, at the request of the state, of the following instruction: ''The court charges the jury for the state that, even though you may believe from the evidence that the defendant had been threatened and apprehended a serious attack by reason of such threats, yet if you further believe from the evidence beyond a reasonable doubt that the defendant unlawfully carried a deadly weapon at any place concealed at a time and place where he had no just cause or reason to apprehend any attack from the person who had made such threats, then you should find him guilty.'' The giving of this instruction under the facts of this case was fatal error.

The district attorney in cross-examining defendant, questioned him as to the reasonableness of his anticipating an attack while at the county seat, in the presence of the sheriff, and in the county jail. This instruction was evidently designed to advise the jury that so situated, the appellant had no reasonable ground to anticipate an attack, and consequently that, if he then carried his pistol concealed, he was violating the law. It is not necessary, in order that one who has been threatened with an attack may be justified in carrying a concealed weapon, that he shall anticipate the attack at a particular time or in a particular place. *Sudduth* v. *State,* 70 Miss. 250, 11 South. 680. Nor is it necessary for one who has been threatened and in good faith anticipates an attack to disarm himself whenever he comes into the presence of a police officer, or whenever he is temporarily so situated that for the time being he is in no immediate danger of an attack.

*Reversed and remanded.*