## GARLAND V. STATE.

[94 South. 210. No. 22741.]

1. CRIMINAL LAW. *Weapons. Burden on one accused of carrying concealed weapons to show apprehended attack; burden on state to prove accused guilty beyond reasonable doubt.*

   Where a person is indicted for carrying concealed weapons and defends under section 1105, Code 1906, Hemingway's Code, section 831, that he was threatened and had good and sufficient reason to and did apprehend a serious attack from an enemy, the burden of proving this defense shall be on the accused; yet the burden of proving the guilt of the defendant beyond a reasonable doubt rests upon the state, and it is only necessary that from the entire testimony the jury entertained a reasonable doubt of his guilt in order to acquit.

2. WEAPONS. *Charge that one accused of carrying concealed weapons must establish reasons to apprehend attack from enemy erroneous.*

   In a case of this kind, an instruction reading as follows is erroneous: "The court instructs the jury for the state that, even if

you believe that the accused was threatened and apprehended an attack from his enemy, still that is not sufficient unless the defendant by a preponderance of the testimony convinces your mind that he had reasons to apprehend a serious attack from an enemy that would do him great bodily harm."

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Jim Garland was convicted of carrying a concealed weapon, and he appeals. Reversed and remanded.

*Bush & Boyd,* and *Deavours & Hillbun,* for appellant.

We submit that each of the instructions given for the state is erroneous and that instructions numbers one and two for the state announce a rule that is altogether erroneous in reference to the degree of certainty that must appear from the evidence to authorize a jury to acquit a defendant charged with carrying a concealed weapon.

The statute, section 831, Hemingway's Code, after reciting the defense that may be set up by a party charged with carrying a concealed weapon provides that "the burden of proof of either of said defenses shall be on the accused." The district attorney evidently had in mind in drawing instructions numbers one and two for the state in this case, that the burden of proof was on the appellant, the defendant, on the whole issue in the case. But this was a mistake on the part of the district attorney. The burden of proof never shifts in a criminal case, and a party accused of carrying a concealed weapon must be shown to be guilty under the law beyond every reasonable doubt before a verdict of guilty ought to be returned.

It is true that instruction number one for the state follows the language of the statute. But the true interpretation of the statute, in our opinion, gives it a meaning different from what would appear to be its meaning by a casual or careless reading of the statute. The instruction says that the defendant "may show, etc.;" the statute says "may show, etc.," but we do not understand that this phrase "may show" means that the burden is imposed on

the defendant to show either beyond a reasonable doubt or even by a preponderance of the evidence the facts that may be shown by him as a defense. The true rule as we understand it is that the defendant must be proven guilty beyond every reasonable doubt when all the evidence in the case is considered. It follows therefore that if the defendant should make out any one of the defenses enumerated by the statute to the extent and with that degree of certainty that on the whole evidence there is a probability of his innocence, or not a moral certainty of his guilt that then he ought to be acquitted.

If we are correct in our understanding of the true interpretation of statute in this respect, and we believe we are, then instruction number one for the state is erroneous. Now this instruction for the prosecution states in the language of the statute that, "the burden of proving this defense shall be on the defendant." But the question is, what is meant by "the burden of proving this defense?" Is this burden sustained, within the meaning of the criminal law, whenever the testimony touching the particular matter of defense, is such that it raises in the minds of the jury a reasonable doubt of the guilt of the defendant when all the evidence in the case is considered together? Unless this is the correct interpretation of the statute, then this statute and the rule it announces is at war with and in conflict with all the fundamental views and ideas in regard to the criminal law, and in regard to the degree of evidence that is required in order to authorize and justify a conviction of an individual charged with the commission of a crime.

The same error is apparent in instruction number two for the state, which announces that the defendant must "by a preponderance of the testimony" convince the minds of the jury "that he had reason to apprehend a serious attack from an enemy that would do him great bodily harm." The true rule laid down by the state in this instruction is that there must be a preponderance of the evidence in favor of the defendant. But surely that cannot be the rule.

If that is the rule, then the burden of proof has been shifted from the state to the defendant. Our view of the proper interpretation of the statute is, as substantially stated above, that it is not required of the defendant to show anything "by a preponderance of the testimony," but that he has sustained the burden that the statute imposes on him when he has measured up to the general rule of the criminal law, of having introduced testimony that raises a reasonable doubt of his guilt on the whole case or shows that it is not morally certain that he is guilty. We respectfully submit that the two instructions for the state are both erroneous; that they were misleading; that they relieved the state of a burden that properly rested on it; and that they devolved a burden on the defendant which never rests on the defendant in a criminal case under the laws of Mississippi.

Our court has expressed itself in accordance with the view we have stated in the case of *Strother* v. *The State,* 74 Miss. 447, in the concluding paragraph of the opinion on page 450, which we quote: "While the burden of proving the defense made is devolved by law upon the defendant, yet it remains true that, so long as there is a reasonable doubt of the defendant's guilt, or a probability of his innocence, the state has not satisfactorily made out its case."

In our opinion, this case ought to be reversed on the testimony, and we respectfully invite the court to read the testimony in the case which is very brief.

*D. C. Enochs,* assistant attorney-general, for appellee.

Section 1105, Code of 1906, places the burden of proving the defense interposed upon the appellant, but he contends that the instructions for the state are erroneous in that they place too great a burden of proof upon him. He contends that he was only required to raise a reasonable doubt in the minds of the jury that the carrying was "unlawful." I think this last contention is true, not only in

the light of *Strother* v. *State,* 74 Miss. 447, cited by appellant, but also in the light of the legal principles announced in the cases of *Pollard* v. *State,* 53 Miss. 410; *Dawson* v. *State,* 62 Miss. 241 and *Bennett* v. *State,* 100 Miss. 684. And that is exactly what the court told the jury by the third instruction granted the state, on page 8 of the record, to-wit: "The court instructs the jury for the state that if you believe from the testimony beyond a reasonable doubt that the defendant, Jim Garland, did unlawfully carry concealed a deadly weapon, to-wit: a pistol, then it is your sworn duty to find the defendant guilty as charged." Certainly this instruction is correct.

There were only three instructions granted the state. The other two than the one I have mentioned above, will be found on page 7 of the record. Certainly the first is unobjectionable in view of the fact that the appellant admitted carrying the pistol concealed, and I shall devote no further time to it. The second instruction for the state told the jury, in effect, to acquit the defendant if the evidence by him in support of his defense preponderated over the evidence by the state against it. This is entirely too favorable an instruction—in behalf of appellant. The jury might believe from "preponderance of the testimony" on the subject, that appellant was threatened, and had good and sufficient reason to, and did, apprehend a serious attack from an enemy, and yet not have a reasonable doubt of his guilt of the crime charged. In other words, suppose the state had offered no evidence to rebut the evidence of the appellant in support of his defense. Certainly the preponderance of the evidence on the proposition then would be with the appellant, and the jury should acquit according to the second instruction for the state, notwithstanding the jury believed the appellant guilty beyond reasonable doubt on the whole evidence. The point I am trying to make is, that the preponderance of the evidence in favor of the existence of the fact does not necessarily cause the jury to believe the fact exists. A jury might not, as a matter of fact, believe the fact exists, but if instructed to

believe from the preponderance of the evidence, may have to find the existence of the fact.

I say this second instruction is too liberal to the defendant, as requiring the jury to acquit him if his evidence in support of his defense preponderates over the evidence of the state in rebuttal, notwithstanding the jury may believe him guilty beyond a reasonable doubt.

It will be noted on page 9 of the record, that the appellant requested and obtained an instruction, that if the jury believed as a fact from the evidence that the appellant had been threatened, etc., they should acquit him. This instruction, requested by the appellant himself, is a very severe instruction against the appellant. By the third instruction for the state the jury was told to convict the appellant only in the event they believed from the evidence beyond a reasonable doubt, that the appellant "unlawfully" carried a pistol concealed. But by the appellant's own instruction, the jury was told that it must actually believe as a fact from the evidence that the appellant had been threatened, etc., in order that they might lawfully acquit him instead of, that the jury must believe from the evidence beyond a reasonable doubt that he had not been threatened, etc.

In these pistol toting cases the state is not required to offer evidence in rebuttal of the evidence of the defendant that he was threatened, etc., in order to get the case past the judge to the jury. It is up to the jury to say, on all the evidence, whether the defendant is guilty beyond a reasonable doubt. Now, how favorable it was to the defendant for the state to ask the second instruction, telling the jury he had sufficiently established his defense if his evidence in support of same preponderated over the state's in rebuttal thereof, regardless of whether or not the jury believed the defense existed in fact, and regardless of whether or not the jury believed the defendant guilty beyond a rasonable doubt, from all the evidence.

SYKES, J., delivered the opinion of the court.

The appellant was indicted and convicted of unlawfully carrying a concealed weapon, from which conviction he appeals to this court. His defense was "that he was threatened, and had good and sufficient reason to, and did, apprehend a serious attack from an enemy." This is a defense to this charge under section 1105, Code of 1906, Hemingway's Code, section 831. This section further provides that the burden of proving this defense shall be on the accused. The testimony was conflicting upon this proposition. The jury could have found on this testimony either for or against the defendant. The state was given the following instruction:

"The court instructs the jury for the state that, even if you believe that the accused was threatened and apprehended an attack from his enemy, still that is not sufficient unless the defendant by a preponderance of the testimony convinces your mind that he had reasons to apprehend a serious attack from an enemy that would do him great bodily harm."

While it is true that under the statute the burden of proving this defense is upon the defendant, at the same time it remains true that, so long as there is a reasonable doubt as to the defendant's guilt or his probable innocence, the state has not satisfactorily made out its case. *Strother* v. *State*, 74 Miss. 447, 21 So. 147. The entire testimony must only raise a reasonable doubt as to the guilt of the defendant. It is not incumbent on the defendant to prove this defense to the satisfaction of the jury by a preponderance of the evidence. The above instruction is therefore erroneous.

*Reversed and remanded.*