HOSEY *v.* STATE.*

(Division B.   June 16, 1924.)

[100 So. 577.   No. 24214.]

1. CRIMINAL LAW.   *One under indictment for sale of liquor, thereafter testifying before grand jury to facts relating thereto, entitled to immunity.*

   When a person is under indictment for selling whisky, and thereafter testifies before a grand jury to facts relating to this alleged sale, he is entitled to immunity from prosecution, under section 1792, Code of 1906 (section 2106, Hemingway's Code).

2. CRIMINAL LAW.   *Burden on defendant to establish facts constituting immunity.*

   The burden of proof rests upon the defendant to prove that he has testified to such facts before the grand jury.

3. CRIMINAL LAW.   *Accused entitled to acquittal, if jury has reasonable doubt as to whether immunity obtained.*

   The burden of proof in the entire case rests upon the state to show that the defendant is guilty beyond a reasonable doubt, and if the jury entertain a reasonable doubt, either as to the guilt of the defendant or as to his having testified before the grand jury about the facts for which he is indicted, then he is entitled to be acquitted.

*Headnote 1.   Criminal Law, 16 C. J., section 65;   2.   Criminal Law, 16 C. J., section 1000;   3.   Criminal Law, sections 993, 1590.

APPEAL from circuit court of Jasper county.
HON. W. L. CRANFORD, Judge.

Joe Hosey was indicted for the unlawful sale of in-toxicating liquor. From the judgment rendered, he ap-peals. Reversed and remanded.

*Deavours & Hilbun,* for appellant.

There is but one question presented for determination in this case; and that is whether the appellant is en-titled to protection against prosecution because of his having testified before the grand jury.

Appellant was indicted at the August term, 1923, on a charge of unlawfully selling intoxicating liquors. At the February term, 1924, a subpoena was issued for the appellant to appear before the grand jury at this Feb-ruary term, 1924, and he was asked about his knowledge of any violation of law in the second district of Jasper county. The appearance of the appellant before the grand jury was not voluntary, even if that would make any difference, and we understand under the decisions it cannot make any difference, for the foreman of the grand jury himself testifies that he had a subpoena is-sued for appellant to appear before the grand jury the day before he did appear. Section 1792 of the Code of 1906 (Hemingway's Code, section 2106); *Lucas* v. *State,* 130 Miss. 8, 93 So. 437.

Instruction number two given for the state clearly im-posed the burden of proof in this case on the appellant, and the instruction itself specifically states that "the burden of establishing this fact rests upon the defend-ant," having reference to the testimony before the grand jury. And the instruction further on states that unless the mind of the jury is satisfied from the testimony taken as a whole that the defendant did testify, etc., it was the duty of the jury to find him guilty as charged.

The view of the appellant is that the burden of proof never shifts in a criminal case; that as to any issue sub-mitted to a jury in a criminal case, the burden of proof is on the state to show beyond every reasonable doubt

and not by a preponderance of evidence merely, the facts which are necessary to substantiate the truthfulness of the state's contention as to the issues submitted to the jury. In other words, in a criminal case, when an issue is submitted to a jury the burden is on the state and not on the defendant. If there be statutory exception to this rule, this case does not fall within any of those exceptions.

The view of appellant on this particular phase of the case was clearly presented in the second instruction asked for the appellant which reads as follows:

"Every reasonable doubt in reference to any matter connected with this case, which is submitted to the jury for decision, should be resolved by the jury in favor of the defendant and against the state." This instruction was refused.

An instruction was also refused by the court although it was an exact copy of the statute under which the appellant was indicted.

*F. S. Harmon,* Assistant Attorney-General, for the state.

The sole question before this court, is whether or not defendant comes within the immunity granted by the statute. This in turn depends on a bitterly disputed question of fact as to what defendant actually said in the grand jury room.

We turn now to the instructions which presented the question of law raised on this appeal. Counsel for the appellant insisted that instruction No. 2 granted for the state is erroneous.

The court will note first of all that the jury was here instructed that "the burden of establishing this fact rests upon the defendant." That is, that he gave evidence before the grand jury of such facts or circumstances growing out of the sale of the whisky for which he is being tried. Instruction No. 2 for the defendant

seeking to place the burden of proof on the state was refused and the two may therefore be dealt with at this point together. It is true that the burden of proof is upon the state to establish beyond all reasonable doubt the *corpus delicti* and the defendant's complicity. But in this case there is no difference of opinion on this matter. The defendant admitted on the stand that he sold the liquor to these officers for two dollars. The officers testified that they bought it from the defendant for this price, and introduced the specific jar of liquor in evidence. There is no question whatever, as to the facts supporting the indictment.

But a very different question arises when the defendant instead of entering a plea of not guilty files a plea in bar, raising a distinct and independent matter of substantive defense entirely disconnected from the body of the crime charged. When such a distinct issue is raised, we earnestly insist that the burden of proof is upon the defendant and that this issue of fact must be decided by the preponderance of the evidence. The rule is laid down in 16 Corpus Juris, 531, par. 1000. See, also, *Bennett* v. *State,* 100 Miss. 694-698.

" 'The maxim, that the burden of proof in criminal cases never shifts from the state, means only that it never shifts in so far as it is necesary to make out a specific case of murder, or rape, or any other offense charged in the indictment, by establishing the *corpus delicti* and the constituent elements of the crime. When distinct substantive matter is relied upon by the defendant to exempt him from punishment and absolve him from liability, then that is matter foreign to the issue as made by the state in her charge against him, and the burden of proving it, in reason, common sense, and law, should be upon the defendant.' *Ake* v. *State,* 6 Tex. App. 419, 32 Am. Rep. 586.

Charge No. 2 for the state, covers exactly the ground and correctly advised the jury whereas, the defendant in the two charges refused had failed to insert a

word regarding the burden of proof. Charge No. 2 for the state fully protects the defendant's interest by instructing the jury that ''unless the testimony taken as a whole has satisfied your mind that the defendant did, while before the grand jury, testify to such fact or circumstances connected with, concerning, or growing out of the said charge as set up in defendant's plea in bar, then in that event, it is your sworn duty to find the defendant guilty as charged.'' This takes care of all rights which the defendant has under the statute.

Section 2106, Hemingway's Code, is only intended to afford protection to those who have given testimony tending to incriminate themselves. The jury declared that this defendant did not give such testimony. Therefore, with this issue of fact determined, the defendant does not come within the protection of this statute. The case is therefore, clearly distinguishable from *Lucas* v. *State,* 130 Miss. 8, upon which appellant relies. In the Lucas case, Judge SMITH states in his opinion that the appellant claimed immunity ''for the reason that he had appeared before the grand jury and testified as to the operation of the still. This plea is supported by the evidence, but the appellant was not allowed the immunity claimed.'' That the statute was not intended to cover such a case as this, is shown by *Turnage* v. *State,* 99 So. 9, where this court held that one who takes the stand on behalf of a co-defendant who is being tried separately, is not entitled to immunity since the testimony was not being given for the state.

SYKES, P. J., delivered the opinion of the court.

Joe Hosey was indicted for selling and retailing intoxicating liquors. About six months after this indictment was found, and before Hosey was tried, he was subpoenaed and testified before another grand jury of the county. The day upon which he testified before the grand jury he was put on trial. He filed a plea in bar, alleging

in substance that he was compelled to testify before this second grand jury, and did testify before them, about the facts relating to the sale of the liquor for which he was indicted; that his testimony before the grand jury tended to incriminate him in connection with this offense. He therefore claimed immunity from prosecution, in accordance with the provisions of section 1792, Code of 1906 (section 2106, Hemingway's Code). The state, in its answer to this plea in effect denied that Hosey testified to any of the facts relating to the matter about the sale for which he was under indictment.

On the issue raised by the plea in bar, the appellant testified that he was subpoenaed before the grand jury, and that the foreman asked him if he knew of any violations of law concerning whisky, to which he replied that he had violated the law by selling whisky to federal officers. He also told the grand jury he was indicted for that particular offense. Several members of the grand jury testified in effect that the appellant was not asked about his alleged violation of the law and did not testify before the grand jury to any facts about it.

Where a person is already under indictment for selling whisky and thereafter testified before the grand jury to the facts relating to this alleged sale, he is entitled to immunity from prosecution under this law. *Lucas* v. *State,* 130 Miss. 8, 93 So. 437.

The state obtained the following instruction:

"The court instructs the jury for the state that the sole and only question presented to the jury to decide is whether or not the defendant Joe Hosey, appeared before the grand jury of said county at this term of the court before this case against him for the sale of intoxicating liquor was called for trial, and while before the grand jury of said county gave evidence of some fact or circumstance connected with, concerning or growing out of the sale of the whisky for which defendant is now being tried, which would incriminate or tend to in-

criminate him, and the burden of establishing this fact rests upon the defendant, and unless the testimony, taken as a whole, has satisfied your mind that the defendant did while before the grand jury testify to some fact or circumstance connected with, concerning or growing out of said charge as set up in defendant's plea in bar, then in that event it is your sworn duty to find the defendant guilty as charged.''

The following instructions were refused defendant:

''Every reasonable doubt in reference to any matter connected with this case, which is submitted to the jury for decision, should be resolved by the jury in favor of the defendant and against the state.''

''The court instructs, for the defendant, that if you believe that the defendant testified at any time before the grand jury in this case and gave evidence with reference to the matters alleged in the indictment, then under the law he is entitled to an acquittal, and it is your sworn duty to return a verdict of not guilty.''

''The court instructs the jury for the defendant in this case that no person shall be excused from attending and testifying before a grand jury or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of the law with reference to the laws bearing upon intoxicating liquors or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or be subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court, so that if you believe that the defendant testified before the grand jury in this case and gave evidence with reference to the matters alleged in the indictment, then under the law, he is entitled to an

acquittal, and the jury should return a verdict of not guilty.''

It is the contention of the appellant that this instruction given the state is erroneous because it authorized the jury to find the appellant guilty if they believed from a preponderance of the testimony that he did not testify to incriminating facts about himself before the grand jury.

The state contends that, since the appellant practically admitted the sale of liquor, then the only question at issue was what he testified before the grand jury, therefore the burden of proof rested upon him in this particular matter.

It is true that this is an affirmative defense, and the burden of proof rests upon the defendant to prove it. When, however, he has introduced testimony to sustain this defense, he has met the burden of proof on this particular issue. The burden of proof, however, in a criminal case always rests upon the state to satisfy the jury by testimony beyond all reasonable doubt of the guilt of the accused. And they must be satisfied beyond all reasonable doubt that the affirmative defense is not true.

The legal question here involved is precisely the same as that relating to the construction of section 1105, Code of 1906 (Section 831, Hemingway's Code). Under that section a defense to carrying a concealed weapon is that ''the accused was threatened and had good and sufficient reason to and did apprehend à serious attack from an enemy.''

That section expressly provides that the burden of proving this defense shall be on the accused. This court, however, has expressly held that an instruction is erroneous in a case of that kind which in effect states that the burden of proof rests upon the defendant to prove by a preponderance of the testimony that he apprehended an attack, etc. In those cases the court held that while the burden of proving this defense is upon the defend-

ant, yet so long as there is a reasonable· doubt of his guilt or his probable innocence, the state has not made out its case. *Strother* v. *State,* 74 Miss. 447, 21 So. 147.; *Garland* v. *State,* 130 Miss. 310, 94 So. 210.

Under these decisions it was error to give this instruction for the state. And under them also it was error to refuse the above instructions requested by the defendant. The state relies upon the case of *Bennett* v. *State,* 100 Miss. 694, 698, 56 So. 777. This case is not in point, but only discusses the question of the burden of proof. In the Bennett case there was no testimony whatever introduced by the defendant relating to a divorce from his first wife. The court held that such a defense was an affirmative one, and it was not necessary, for the state in the indictment to negative that fact, nor to prove the negative in making out its case in chief.

For these errors, the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*