## EVANS *v.* STATE.

(Division B.  June 9, 1930.)

[128 So. 737.  No. 28642.]

A. G. Busby, of Waynesboro, for appellant.

Geo. T. Mitchell, Attorney-General, and Forrest B. Jackson, Assistant Attorney-General, for the state.

Ethridge, P. J., delivered the opinion of the court.

On August 23, 1929, Albert Evans was convicted in a justice of the peace court in Wayne county of the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of two hundred dollars and to serve a term of sixty days in the jail. He prosecuted an appeal to the circuit court, and at the January, 1930, term of the circuit court he was again convicted after a trial

de novo and the same sentence imposed as in the justice of the peace court.

Prior to the trial in the circuit court, and after his conviction in the justice court, Albert Evans was summoned before the grand jury and testified as a witness there, disclosing facts to the grand jury about which he was indicted, and he claimed immunity from further prosecution because thereof. The court overruled his claim for immunity, and proceeded with the trial, and, when the evidence was finished, both the state and the defendant refused to request instructions in the case, and the jury was sent out to find the verdict without instructions. While the jury was out, and before they returned, the defendant requested a peremptory instruction on the ground of immunity; the instruction being one to find the defendant not guilty. There is an agreed statement of facts as to the testimony before the grand jury which shows that the defendant testified concerning the transaction about which he was tried.

The statute relied on for immunity is section 2260, Hemingway's Code 1927, section 1792, Code of 1906, reading as follows:

"No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court: Provided, that no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying. Any person who shall neglect or refuse to

so attend or testify, or to answer any lawful inquiry, or to produce books or other documentary evidence, if in his power to do so, shall be guilty of a misdemeanor, and, upon a conviction thereof, shall be punished by a fine of not less than one hundred dollars or more than five hundred dollars, or by imprisonment for not more than ninety days, or by both such fine and imprisonment."

This court had held, under this statute, in two cases, that a person who testifies before a grand jury at the instance of the grand jury, without his procurement, is entitled to immunity, although, at the time he testified, he was under indictment, or charged with an offense by affidavit. Lucas v. State, 130 Miss. 8, 93 So. 437; and Hosey v. State, 136 Miss. 5, 100 So. 577. Under these decisions and the agreed statement of facts the appellant was entitled to a discharge, and the peremptory instruction should have been granted. The judgment will therefore be reversed, and the appellant discharged.

Reversed and discharged.