TALLEY *v.* STATE.

(Division B.   Dec. 9, 1935.)

[164 So. 771.   No. 32026.]

J. T. Garraway, of Purvis, for appellant.

350

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant, according to the evidence in behalf of the state, had an altercation with a neighbor about a fence line, and during this altercation the appellant, in the presence of three or more persons, pulled from his pocket a pistol and exhibited the same in a rude, angry, or threatening manner, not in necessary self-defense; but instead of proceeding against appellant by and under an indictment for that offense under section 860, Code 1930, the appellant was indicted under section 853, Code 1930, for the carrying of a concealed weapon.

To the indictment thus presented, appellant filed a special plea admitting that he was carrying the weapon concealed on the occasion in question, but averring "that he was threatened, and had good and sufficient reason to apprehend a serious attack from any enemy, and that he did so apprehend." Section 855, Code 1930. Under that plea appellant introduced ample proof to show that his said plea of threats and apprehension was good in point of fact, and certainly so in so far as that burden was required to be supported by him under Garland v. State, 130 Miss. 310, 94 So. 210.

The state did not seriously attempt to controvert the said proof made by appellant, but instead of doing so was permitted by the court over the objections of appellant to produce a number of witnesses whose testimony was directed entirely along the line of proving the separate and distinct offense, one not charged in the indictment, that appellant had exhibited the weapon in a rude, angry, or threatening manner, and that he was the aggressor in so doing; and, at the conclusion of the trial, the state obtained an instruction to the effect that if the jury believed beyond a reasonable doubt that on the occasion in question appellant did unlawfully carry a concealed weapon, the jury should convict.

It requires no citation of authority that a person cannot be indicted for one offense and convicted upon evidence of another and a different offense. For fundamental reasons this can no more be done in a criminal case than can a plaintiff in a civil action declare upon one cause and recover judgment upon another and a different cause of action. And as to the theory advanced by the state that the defense of threats and apprehension of serious attack was not good because of the particular occasion, we would call attention to the later holdings of this court that "it is not necessary, in order that one who has been threatened with an attack may be justified in carrying a concealed weapon, that he shall anticipate the attack at a particular time or in a particular place. . . . Nor is it necessary for one who has been threatened and in good faith anticipates an attack to disarm himself whenever . . . he is temporarily so situated that for the time being he is in no immediate danger of an attack." Harvey v. State, 102 Miss. 544, 59 So. 841. See, also, the review of the cases in Sullivan v. State, 156 Miss. 718, 126 So. 646.

Without prolonging the discussion or laying down any qualifications or distinctions in respect to the point last mentioned, we deem it sufficient to recur to the fact that the appellant was indicted under one statute and was

prosecuted under another and a different statute; wherefore, his motion to exclude and for a peremptory charge should have been sustained.

Reversed, and appellant discharged.