# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-00151-SCT

*JUSTIN DAVID SHAFFER a/k/a JUSTIN
DAVID SCHAFFER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2008 |
| TRIAL JUDGE: | JUDGE KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PRO SE |
| | JANE E. TUCKER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | ANTHONY LAWRENCE, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 10/27/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Justin David Shaffer was convicted of child-exploitation for soliciting sex from a twenty-nine-year-old female who he thought was thirteen. He argued to the Court of Appeals that he could not be guilty of child-exploitation because no child had been involved in the sting. The Court of Appeals agreed, but reversed and remanded for Shaffer to be sentenced for attempted child-exploitation – a crime for which he was neither indicted nor tried. Because the actual attempt to

exploit a child violates the child-exploitation statute, we reverse the Court of Appeals and reinstate and affirm Shaffer's conviction and sentence.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     Twenty-nine-year-old Deanna Doolittle attempted to catch sexual predators on the internet by pretending to be thirteen-year-old "Chloe." She developed a two-month internet relationship with Shaffer, finally agreeing to meet with him at a church in Byram, Mississippi, to have sex. When Shaffer arrived at the church, he was arrested and later indicted and convicted for exploitation of a child.

¶3.     Because no actual child was involved in the sting, the Court of Appeals reversed and remanded for Shaffer to be sentenced for attempted child exploitation.[1] Shaffer petitioned this Court for a writ of certiorari, which we granted. We reverse the Court of Appeals and affirm Shaffer's conviction and sentence.

## ANALYSIS

### I.

¶4.     Mississippi's child-exploitation statute makes it illegal for anyone to use "any means including a computer" to "knowingly . . . solicit . . . a child to meet with the person for purpose of engaging in sexually explicit conduct."[2] Solicitation is sufficient to violate the statute.

¶5.     "Solicit" is defined as "the act or an instance of requesting or seeking to obtain something."[3] And whether the thing solicited actually exists is irrelevant. For instance, a solicitation for money

---

[1] **Shaffer v. State**, ___ So. 3d ___ , 2010 WL 3554354 (Miss. Ct. App. Sept. 14, 2010).

[2] Miss. Code Ann. § 97-5-33(6) (Rev. 2006).

[3] *Black's Law Dictionary* 1520 (9th ed. 2009).

2

from a pennyless pauper is nonetheless a solicitation. So, Mississippi's child-exploitation statute is violated when one attempts to exploit a child. Stated another way, Mississippi has no crime of attempted child-exploitation because an attempt to exploit a child is, itself, child-exploitation.

¶6. Shaffer clearly was "seeking to obtain" sex from a child when he entered a Yahoo! chat room and began an online relationship with Chloe. These sexually-explicit chats led to a phone conversation in which Shaffer convinced Chloe to meet him at a church in Byram, Mississippi. Shaffer will not now be heard to claim that his mistaken understanding of Chloe's age mitigates his attempt to have sex with a minor.

¶7. The act of solicitation does not require that the thing solicited even exists. For instance, when an owner "solicits" bids from potential contractors, no bids exist at the time of the solicitation – and bids may never exist. And the submission of a deficient bid by a contractor does not change the fact that a bid was solicited. Both Shaffer's and the owner's solicitations were complete when the solicitor made it known what they were looking for. Shaffer completed the crime of exploitation of a minor when he solicited sex from a minor – whether or not the person he was talking with was actually a minor.

¶8. This is the first time we have addressed this issue, but our decision is in concert with other jurisdictions. For instance, in *United States v. Farner*, the defendant, Farner, was convicted under federal law[4] for attempting to entice and persuade a minor to engage in criminal sexual activity,[5]

---

[4] 18 U.S.C. § 2422(b) (2000).

[5] *United States v. Farner*, 251 F.3d 510, 511 (5th Cir. 2001).

3

even though he incorrectly believed he was making arrangements to meet a fourteen-year-old girl named "Cindy" to engage in sexual activity.[6]

¶9.     The Fifth Circuit held that Farner had violated 18 U.S.C. § 2422(b), even though "Cindy" was an adult FBI agent.[7]  The Court stated, "[d]efendant Farner's scheme, if fully carried out as he 'desired' or 'planned,'was not to engage in sexual relations with an adult FBI officer.  By his own stipulation, the person whom he desired to entice was a 14-year-old girl. The only reason he failed was because the true facts were not as he believed them to be."[8]

¶10.    The Minnesota Court of Appeals stated in *State v. Coonrod*[9] that it would not read into the law a requirement that an actual child be used in a sting operations as part of a police investigation.[10] The Minnesota court compared such sting operations to undercover drug and prostitution decoys,[11] stating that it would be a real "consternation" to use actual prostitutes and drug users.[12]  We agree.

## CONCLUSION

¶11.    We find that Shaffer committed the crime of exploitation of a child when he solicited sex from "Chloe," so we reverse the Court of Appeals' judgment, and we reinstate and affirm the trial court's conviction and sentence.

---

[6] *Id*.

[7] *Id*. at 511, 513.

[8] *Id*. at 513.

[9] *State v. Coonrod*, 652 N.W.2d 715 (Minn. Ct. App. 2002).

[10] *Id*. at 723.

[11] *Id*.

[12] *Id*.

4

¶12.   **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE GREENE COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED. CONVICTION OF EXPLOITATION OF A CHILD AND SENTENCE OF TWENTY-FIVE (25) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE BENEFIT OF PAROLE, PAY COSTS OF COURT AND A FINE OF $50,000, WITH CONDITIONS, AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. KING, J., NOT PARTICIPATING.**

**KITCHENS, JUSTICE, DISSENTING:**

¶13.   I respectfully dissent from the decision of my esteemed colleagues in the majority that Shaffer's conviction of exploitation of a child should be affirmed. I agree with the conclusion of the Court of Appeals that the State failed to prove beyond a reasonable doubt the elements of the crime, as stated in the indictment and as found in the plain language of Mississippi Code Section 97-5-33(6) (Rev. 2006). *Shaffer v. State*, 2010 WL 3554354, at *2-3 (Miss. Ct. App. Sept. 14, 2010). Accordingly, I believe that, in the circumstances, the proper course is for us to reverse the conviction and render judgment in favor of Shaffer.

*The elements of the crime as charged in the indictment*

¶14.   Justin David Shaffer was indicted on September 21, 2006, for exploitation of a child and possession of a weapon by a convicted felon. Count I of the indictment is as follows:

> Justin David Shaffer . . . on or between June 29, 2006 through July 9, 2006, did unlawfully, willfully, and feloniously through the use of messaging sent via a computer and cellular telephone knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order *a child under the age of 18 years*, to meet with him for the purpose of engaging in sexually explicit conduct . . . .

5

(Emphasis added.) Accordingly, the State included "a child under the age of [eighteen] years" as a material element of the crime charged in the indictment. In so doing, the State took upon itself the obligation of proving this allegation beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 362, 90 S. Ct. 1068, 1071, 25 L. Ed. 2d 368 (1970) (declaring beyond a reasonable doubt as the standard of proof in criminal cases) (citations omitted).

¶15. Moreover, this indictment failed to put Shaffer on sufficient notice that his defense, namely that he had solicited an adult rather than a child under the age of eighteen, would be unavailable to him at trial. *See Spicer v. State*, 921 So. 2d 292, 319 (Miss. 2006) ("The purpose of an indictment is to furnish the defendants notice and a reasonable description of the charges against them so that they may prepare their defense.") (citing *Williams v. State*, 445 So. 2d 798, 804 (Miss. 1984)). Shaffer unsuccessfully argued this before the trial court in his Motion for Directed Verdict.

¶16. The majority concludes that Shaffer was seeking to obtain sex from a child, and that he "will not now be heard to claim that his mistaken understanding of Chloe's age mitigates his attempt to have sex with a minor." Maj. Op. at ¶ 6. This is contrary to established law, given that the State failed to prove beyond a reasonable doubt the element "a child under the age of [eighteen] years," as specifically and unequivocally charged in the indictment. *See In re Winship*, 397 U.S. at 362, 90 S. Ct. at 1071; *see also Talley v. State,* 174 Miss. 349, 164 So. 771 (1935) ("[A] person cannot be indicted for one offense and convicted upon evidence of . . . a different offense."). It logically follows that one cannot be convicted, as

6

here, upon evidence which constitutes no crime at all, i.e., soliciting an adult for the purpose of engaging in sexually explicit conduct.

¶17.   In Mississippi, when a duly constituted grand jury formally charges a person with a crime, the charging document is called a *true* bill of indictment.  Respecting the grand jurors' charging function, they are under oath that they will "true presentment make," and that they will "present the truth, the whole truth, and nothing but the truth. . . ."  Miss. Code Ann. § 13-5-45 (Rev. 2002). In presenting, via indictment, that Shaffer sought to solicit *a child under the age of [eighteen] years* to engage in sexual conduct with him, when the undisputed truth is that the person to whom Shaffer was being accused of making such overtures was, at all relevant times, an adult, the indictment, as written, fell short of presenting the truth, the whole truth, and nothing but the truth; it simply was not true that the person allegedly solicited by Shaffer was a minor child "under the age of [eighteen] years," as the indictment plainly alleges.

¶18.   Based on the State's theory of the case and its proof, as presented at trial, the correct charge should have been *attempted* exploitation of a child.  The State adduced considerable evidence to the effect that Shaffer had engaged in multiple overt acts with a view toward sexual activity with the several adult women with whom he was communicating (none of whom was a sworn law enforcement officer), all the while believing, albeit mistakenly, that he was communicating with a child under the age of eighteen years.

¶19.   Had the State incorporated into the grand jury's indictment appropriate language from Mississippi Code Section 97-1-7 (Rev. 2006), Mississippi's longstanding general attempt

7

statute, coupled with appropriate language from Section 97-5-33(6), Shaffer could have been prosecuted for unlawfully and feloniously *attempting* to solicit a child under the age of eighteen years to engage in sexually explicit conduct with him, and, if convicted, ". . . punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted." Miss. Code Ann. § 97-1-7 (Rev. 2006).

¶20.    The Court of Appeals held that the indictment insufficiently charged Shaffer with the crime of exploitation of a child, but that Shaffer could be adjudged guilty of attempted exploitation under the "direct-remand rule" and without further indictment pursuant to Mississippi Code Section 99-19-5 (Rev. 2007). *Shaffer*, 2010 WL 3554354, at \*4. The direct-remand rule provides that "when the jury convicts of a greater offense, which is invalidated on appeal for want of sufficiency of the evidence, no new trial is required[,] and the defendant may be remanded for sentencing upon the lesser included offense where the proof establishes proof of the lesser offense." *Shields v. State*, 722 So. 2d 584, 585 (Miss. 1998) (citations omitted). Mississippi Code Section 99-19-5 (Rev. 2007) states:

> On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.

¶21.    I disagree with the conclusion that an attempted solicitation of a child is a lesser-included offense where punishment under the general attempt statute "shall be . . . for an amount not greater than is prescribed for the actual commission of the offense so attempted."

8

Miss. Code Ann. § 97-1-7 (Rev. 2006). Moreover, the plain language of Section 99-19-5 does not mention appellate courts, but rather provides that "*the jury* may find the defendant guilty of . . . any attempt to commit the same offense" without including an additional count in the indictment. (Emphasis added.) This Court has never held that an attempted crime is a lesser-included offense of the completed crime and, thus, subject to the direct-remand rule. Shaffer moved for a directed verdict at the close of the State's case, based on his contention that the State had failed to prove all of the elements pled in the indictment beyond a reasonable doubt, a position in which he clearly was correct. His motion should have been sustained. Accordingly, remand for sentencing under the general attempt statute, Mississippi Code Section 97-1-7 (Rev. 2006), is not the appropriate disposition of this case.

¶22. The State charged that Shaffer actually had solicited sexually explicit interaction with a child under the age of eighteen years, but its proof was at considerable variance with the charging document on which the case was tried. The jury was instructed that the State was required to prove, *inter alia*, the element "a child under the age of eighteen years," and that this, along with the other material elements of the crime charged, had to be proved beyond a reasonable doubt. However, that material element of the crime charged was not proven at all, and, instead, the proof adduced was that Shaffer's solicitation, in truth, was directed to adults, not to a child under the age of eighteen years.

¶23. Shaffer argued in the Court of Appeals that the evidence was insufficient to prove beyond a reasonable doubt every element of the crime with which he was charged. Accordingly, "the critical inquiry is whether the evidence shows beyond a reasonable doubt

9

that [the] accused committed the act charged, and that he did so under circumstances that every element of the offense existed." *Coleman v. State*, 947 So. 2d 878, 881 (Miss. 2006) (citations omitted). "Should the facts and inferences considered in a challenge to the sufficiency of the evidence 'point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,' the proper remedy is for the appellate court to reverse and render." *Bush v. State,* 895 So. 2d 836, 843 (Miss. 2005) (quoting *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985)).

¶24. It is uncontroverted that, during the course of soliciting "Chloe" for sexual activity, Shaffer, in actuality, was chatting with an adult woman via computer and talking with two adult women on separate occasions via cellular telephone, all of whom he believed to be one thirteen-year-old girl. The fact that the women with whom he actually conversed were adults favors the defendant on the element of "a child under the age of [eighteen] years" with such "sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty" of exploitation of a child. *Bush*, 895 So. 2d at 843. Thus, when Shaffer moved for a directed verdict at the close of the State's case-in-chief, the trial court should have granted his motion. Shaffer renewed his objections post-trial in his motion for judgment notwithstanding the verdict, wherein he argued that the trial court had failed to instruct the jury that his was an attempted crime, but instead had instructed the jury as to the elements of the completed crime charged, including the element "a child under the age of eighteen years." Again, the trial court should have granted the motion for directed verdict,

10

or alternatively, should have granted Shaffer judgment notwithstanding the verdict (JNOV). Accordingly, in the posture that this case was presented to us on appeal, with the State's having failed to prove Shaffer guilty of the offense with which he was charged in the indictment, the conviction should be reversed and rendered.

*The plain language of Section 97-5-33(6)*

¶25. At the time of Shaffer's indictment, the statute under which the charge was prosecuted, Mississippi Code Section 97-5-33(6) (Rev. 2006), provided: "No person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order *a child* to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct." (Emphasis added.) The trial court instructed the jury that *a child* meant a person "under the age of eighteen years." This was in keeping with the definition found in Mississippi Code Section 97-5-31(a) (Rev. 2006), which reads: "As used in Sections 97-5-33 through 97-5-37, the following words and phrases shall have the meanings given to them in this section: 'Child' means any individual who has not attained the age of eighteen (18) years."

¶26. Firmly established Mississippi law dictates:

> [C]riminal statutes are to be strictly construed against the State and liberally in favor of the accused. *McLamb v. State*, 456 So. 2d 743, 745 (Miss. 1984). When the words of a statute are plain and unambiguous there is no room for interpretation or construction, and we apply the statute according to the meaning of those words. *Harrison v. State*, 800 So. 2d 1134, 1137 (Miss. 2001). It is only when a statute is unclear or ambiguous that we look beyond the language of the statute to determine its meaning. *Id.* (citing *Kerr-McGee Chem. Corp. v. Buelow*, 670 So. 2d 12, 17 (Miss. 1995); *Allred v. Webb,* 641

11

So. 2d 1218, 1222 (Miss. 1994); *Clark v. State ex rel. Miss. State Med. Ass'n*, 381 So. 2d 1046, 1048 (Miss. 1980)).

*Coleman,* 947 So. 2d at 881. The majority has impermissibly altered the plain meaning of the word *child* in Section 97-5-33(6) to include an adult. This Court "may not enlarge or restrict a statute where the meaning of the statute is clear." *Gilmer v. State,* 955 So. 2d 829, 833 (Miss. 2007) (citing *State v. Traylor*, 100 Miss. 544, 558–59, 56 So. 521, 523 (1911)).

¶27. The State argued to the trial court and to the Court of Appeals that Mississippi Code Section 97-5-33(8) is to be read in conjunction with Section 97-5-33(6) and that Subsection 8 removed the requirement that the criminal conduct be directed at an actual child. Before its amendment in 2007, Section 97-5-33(8) read as follows: "The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of the offense under this section shall not constitute a defense to a prosecution under this section." Miss. Code Ann. § 97-5-33 (Rev. 2006). Thus, the plain and unambiguous meaning of Section 97-5-33(8) as applied to the indictment in the present case would have denied Shaffer his theory of defense only if an undercover operative or law enforcement officer had been involved in the detection and investigation of his knowingly having enticed, induced, persuaded, seduced, solicited, advised, coerced, or ordered "a child under the age of [eighteen] years, to meet with him for the purpose of engaging in sexually explicit conduct." To the contrary, this does not remove the requisite element, as pled in this indictment, that the crime must have been directed at an actual child.

12

¶28. The State further argued in its brief that the 2007 amendment served only to clarify that the legislature had always intended to utilize Section 97-5-33(8) to preclude the defense that the crime was not directed at an actual child. The 2007 amendment to Section 97-5-33(8) provides:

> The fact that an undercover operative or law enforcement officer *posed as a child* or was involved in any other manner in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.

Miss. Code Ann. § 97-5-33(8) (Supp. 2011) (emphasis added). Section 97-5-33(8) as amended in 2007 does not apply, however, because the alleged conduct giving rise to the crime with which Shaffer was charged occurred between June 29, 2006, and July 9, 2006. To apply the 2007 amendment in the present case would result in Shaffer's having been prosecuted under an *ex post facto* law. An *ex post facto* law is one which "punish[es] as a crime an act previously committed, which was innocent when done . . . make[s] more burdensome the punishment for a crime, after its commission . . . [or] deprive[s] one charged with [a] crime of any defense available according to law at the time when the act was committed. ***Collins v. Youngblood***, 497 U.S. 37, 52, 110 S. Ct. 2715, 2724, 111 L. Ed. 2d 30 (1990). *See* U.S. Const. art. I, § 10, cl. 1.

¶29. The majority has interpreted the word *child*, found in Mississippi Code Section 97-5-33(6), to include an adult posing as a child in contravention of the well-established principle that criminal statutes are to be strictly construed against the State and liberally in favor of the accused. ***Coleman,*** 947 So. 2d at 881. To affirm this conviction would ignore the fact that

13

the elements of the crime, as charged in the indictment, defined *child* as a person under eighteen years of age, and that the jury was instructed accordingly. Because the State failed to prove beyond a reasonable doubt the material elements of the crime, as charged in the indictment, this Court should reverse and render the conviction as to Count I, exploitation of a child.

**CHANDLER, J., JOINS THIS OPINION.**

**CHANDLER, JUSTICE, DISSENTING:**

¶30.    I respectfully dissent.  I concur with the analysis and result advocated by my learned colleague, Justice Kitchens.  I write separately to provide a discussion of why I would not apply the direct-remand rule to this case.

¶31.    In *Shields v. State*, 722 So. 2d 584, 585 (Miss. 1998), this Court stated that "when the jury convicts of a greater offense, which is invalidated on appeal for want of sufficiency of the evidence, no new trial is required and the defendant may be remanded for sentencing upon the lesser included offense where the proof establishes proof of the lesser offense." This principle is known as the direct-remand rule. *Id.*  The rationale behind the rule is that "guilt of a true lesser included offense is implicitly found in the jury's verdict of guilt on the greater offense." *Id.* (citing *Washington v. State*, 222 Miss. 782, 787, 77 So. 2d 260, 263 (1955)).  *Shields* held that this rule applies even when the trial court did not give a lesser-included-offense jury instruction. *Id.* at 587.

14

¶32.   The Court of Appeals held that the direct-remand rule applied, permitting its remand to the trial court for Shaffer's resentencing for attempt.  In support of this result, the Court of Appeals cited Mississippi Code Section 99-19-5(1), which states:

> On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.

Miss. Code Ann. § 99-19-5(1) (Rev. 2007).  The Court of Appeals held that, because under Section 99-19-5(1), the child - exploitation charge had placed Shaffer on notice that he could be found guilty of attempted child - exploitation, the direct-remand rule applied.  But the direct-remand rule only permits resentencing for a lesser-included offense.  As Justice Kitchens points out, this Court never has held that attempt is a lesser-included offense of the completed crime.

¶33.   Whether attempt is a lesser-included offense of the completed crime varies by jurisdiction, and depends upon the elements set out in that jurisdiction's statute codifying attempt.  Under the federal approach, the crime of attempt includes two elements: (1) that the defendant acted with the culpability required by the underlying substantive offense, and (2) that the defendant took a substantial step toward the commission of the substantive offense.  *U.S. v. Barlow*, 568 F.3d 215, 219 (5th Cir. 2009).  Because the substantive offense includes both of the elements of an attempt to commit that offense, the federal courts have held that attempt is a lesser-included offense of the substantive offense.  *U.S. v. Castro-Trevino*, 464

15

F.3d 536, 543 (5th Cir. 2006) (citing *U.S. v. York*, 578 F.2d 1036, 1040 (5th Cir. 1978));

*U.S. v. Remigio*, 767 F.2d 730, 733 (10th Cir. 1985). The Fifth Circuit has held that, when

a defendant was convicted of the substantive offense, but the facts were sufficient to support

only a conviction of attempt, the court is empowered to modify the judgment to reflect

attempt without impacting the defendant's rights. *Id.*

¶34. In contrast, this Court has held that attempt is an indictable offense, separate and

distinct from the completed crime. *Mason v. State*, 430 So. 2d 857, 858 (Miss. 1983). In

Mississippi, the crime of attempt includes the following three elements: (1) an intent to

commit an offense; (2) an overt act toward its commission; and (3) the failure to consummate

its commission. Miss. Code Ann. § 97-1-7 (Rev. 2006). We have held that the failure to

consummate the completed crime is an essential element of attempt as defined by Section 97-

1-7. *Id.*

¶35. The direct-remand rule applies when the proof was sufficient to support a conviction

of a lesser-included offense, but was insufficient to support a conviction of the completed

offense. *Shields*, 722 So. 2d at 585. "[A] lesser-included offense 'is one in which all its

essential ingredients are contained in the offense for which the accused is indicted, but not

all of the essential ingredients of the indicted offense. An accused could not be guilty of the

offense for which he is indicted without at the same time being guilty of the lesser-included

offense.'" *Gause v. State*, 65 So. 3d 295, 300 (Miss. 2011) (quoting *Thomas v. State*, 48 So.

3d 460, 472 (Miss. 2010)).

16

¶36. Because the crime of attempt includes the essential element of failure to consummate the completed crime, which is not an element of the completed crime, attempt is not a lesser-included offense of the completed crime. Therefore, the direct-remand rule would not apply to permit resentencing for attempt. I would find that the direct-remand rule is inapplicable to Shaffer's conviction for the completed crime of child - exploitation, where the proof sufficiently supported only the crime of attempted child - exploitation. For this reason, and for the reasons articulated by Justice Kitchens, I would reverse and render.

**KITCHENS, J., JOINS THIS OPINION.**